Reed, P. J.,
delivered the opinion of the court.
Plaintiff was charged with murder, convicted of voluntary-manslaughter, and was sentenced to the penitentiary for six years. The case is not brought to this court to have the conviction reversed, but for a review of the judgment of the district court taxing costs. A judgment for costs of prosecution was rendered against him for $846.96. A motion was made by plaintiff to retax the costs. A hearing was had and the amount of the judgment reduced to $670.96, which is brought here for review.
Three of the assignments of error may be consolidated: That the court erred in allowing fees to more than four witnesses; in allowing sheriff’s fees for summoning more than *57 four witnesses ; and fees to the clerk for more than four witnesses. Another is the supposed error of the court in allowing costs for summoning talesmen upon a special venire for jurors.
The provision of the criminal law (Gen. Stats., sec. 964; Mills’ Stats., sec. 1471) is: “ In any case where any person or persons shall be convicted of any crime or misdemeanor, in this chapter specified, or of any at common law, the court shall give judgment that the offender or offenders so convicted shall pay the costs of prosecution.”
This section was adopted from the criminal law of the state of Illinois at the organization of the territory in 1861, aud has continued to be the statute up to the present time. In the criminal law there appears no restriction or limit to the amount of costs of prosecution, only that the items of cost must necessarily conform to the fee bill, and that the charge for each service shall not exceed the amount allowed. The whole matter appears to have been left to the discretion of the prosecutor and the court.
The contention of counsel for appellant-is that the costs in this case are controlled by sec. 408, Gen. Stats, (sec. 685, Mills Stats.), as follows:
“ In no case in the district court shall the fees of more than four witnesses be taxed against the party against whom judgment shall be given for costs, unless the court shall certify on their minutes that more than four witnesses were really necessary; in which case the clerk shall tax the costs of as many witnesses as the court shall so certify.”
This section was also adopted from the statute of Illinois at the first session of the territorial legislature, and has been continued to the present time. In Illinois it was the law in civil cases from 1845 to 1874, nearly thirty years.
The question here presented is whether it is applicable and controlling in criminal cases. In Illinois, as in this state, it has always been regarded as pertaining to civil cases only. In all the years that it was in force in the state of Illinois, I can find no case where an attempt was made to apply it to *58 criminal prosecutions; consequently we can find no construction of it, except in civil cases, where there are several. This, of course, is negative authority, but not without controlling force. It appears to have been tacitly conceded that it had no application in criminal prosecutions. As far as we have been able to discover, this is the first instance in which it is sought to so apply it. If there has been a former instance, the researches of counsel and this court should have unearthed it. In the statute books, it is in'the Civil Code, and is so designated, and the legislatures, in readopting it, have, in every instance, done so as a part of the Civil Code, and have never evinced any intention of extending it to criminal cases. We conclude that the section is confined to civil cases, and that it was not the intention of the legislature to extend it to criminal proceedings. Had it been thought necessary and proper, it would have been embraced in the Criminal Code. As it is, there is no limit to the number of witnesses nor costs in a criminal prosecution except the discretion of the sworn ofScers in charge; and unless there was flagrant abuse of such discretion, and the fact clearly established, there is nothing for this court to review. Whether or not an unnecessary number of witnesses were summoned on the part of the prosecution, we have no means of knowing. Every day experience teaches us that in some prosecutions two or- three witnesses are sufficient, while in others, particularly of the gravity of the charge upon which the plaintiff was convicted, fifty might be needed and indispensable. There are no facts presented in this case from which the necessity of a greater or less number of witnesses can be determined, nor as to the necessity of other costs incurred.
The rule in regard to reviews in courts of last resort is clearly and concisely stated by Chief Justice Waite in Boley v. Griswold, 20 Wall. 486 : “ In a court of error every presumption is in favor of the validity of the judgment brought under consideration. Error must'appear affirmatively before there can be a reversal.”
*59 The matter was called to the attention of the court on the motion to retax the costs. There appears to have been a careful examination, and the judgment reduced $176. The court very properly decided that the section relied upon had no application. Nothing is shown to establish the fact that unnecessary costs were created and taxed, nor any abuse of the discretion vested in the court or prosecuting officer. The legal presumption of the regularity of the judgment must prevail, and the judgment be affirmed.

Affirmed.