PEOPLE v. DAVIS.

1. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY.

In prosecution for unlawful possession of intoxicating liquors, where defendant claimed that, at time his cottage at lake was searched and liquor found therein, he did not have possession of cottage but that it was rented to another, admission of testimony tending to show that at time of trial, about three months later, defendant's wife had possession of cottage, was prejudicial error.

2. SAME—COSTS IMPOSED MUST BEAR TRUE RELATION TO EXPENSE OF PROSECUTION.

Costs imposed in criminal case must bear true relation to expense of prosecution.

Error to Lapeer; Smith (Henry H.), J. Submitted June 13, 1929. (Docket No. 135, Calendar No. 34,332.) Decided September 4, 1929.

Dwight Davis was convicted of having unlawful possession of intoxicating liquor. Reversed.

*Herbert W. Smith,* for defendant.

*Wilber M. Brucker,* Attorney General, and *Glen Smith,* Prosecuting Attorney, for the people.

WIEST, J. Defendant was convicted of possessing intoxicating liquor in his cottage at a lake in Lapeer county, and reviews by writ of error.

The issue of fact in the case was whether the cottage, at the time of the raid and defendant's arrest, was rented to and occupied by one Taylor. Defendant was in the cottage when the liquor was found but testified that he did not have anything to do with the

liquor, it did not belong to him, and he was there making repairs. During the trial the prosecutor sent an officer to subpœna Taylor, and the officer, over objection, was permitted to testify that at the cottage he saw the wife of defendant just starting to go away to one of the neighbors; that Mr. Taylor was not there and he was unable to get information concerning him; that he had some conversation with Mrs. Davis, and thereafter Mrs. Davis tried to unlock the cottage door, and he believed she unlocked it; that she had a key and "turned around and locked the door and she tried it to see if it was properly locked and went on up to the neighbors." The prosecuting attorney stated to the court that the testimony was offered as proof of who had possession of the premises. The cottage was searched, the liquor found, and defendant arrested on October 21, 1928, and, manifestly, the issue as to possession of the cottage related solely to that date. The trial was had January 17, 1929, or quite three months later, and the acts of defendant's wife upon the later date were sent to the jury as substantive evidence of a possession three months earlier by the defendant. The lapse of time and possibility of change of right of possession condemned the testimony.

It would establish a new and vicious rule to hold that acts of third parties subsequent to the arrest of an accused (except under his direction) may be employed as substantive evidence of the commission of an alleged offense. The testimony was inadmissible and highly prejudicial.

In the sentence defendant was required to pay costs to the amount of $400. We said in *People* v. *Wallace*, 245 Mich. 310, and now say again, that costs imposed in a criminal case must bear a true relation to the expense of the prosecution. We are

well aware of the distinction between a fine and costs, and of the disposition of each by statute, but this knowledge only makes it more imperative that the function of each be observed. It is manifest from the record before us that the costs of this prosecution did not amount to the sum imposed.

Were this the only error, we would send the case back to the circuit for amendment or correction of the judgment in this particular. The other errors assigned require no discussion.

The conviction is reversed, and a new trial granted.

North, C. J., and Fead, Clark, McDonald, Potter, and Sharpe, JJ., concurred. The late Justice Fellows took no part in this decision.