No. 19,178.

EDWARD L. CONNER *v.* MUNICIPAL COURT, ET AL.

(358 P. [2d] 24)

Decided December 30, 1960.

Messrs. CADDES AND CAPRA, for plaintiff in error.

Mr. DONALD E. KELLEY, Mr. ALBERT ECKHARDT, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error has attacked only that portion of the

judgment in the trial court which assessed to him, as a defendant in a case involving a traffic violation, costs in the amount of five dollars as provided in Ordinance No. 152.20 A-1 of the Revised Municipal Code of the City and County of Denver. Conner had entered a plea of not guilty, waived a jury, and went to trial before a Judge of the Municipal Court. He was found guilty. The ordinance provides for payment of costs only under such circumstances.

Conner asserts the ordinance to be unconstitutional in that it allegedly deprives him of equal protection of the laws under the United States Constitution. He argues that the inequality in the law arises because one who pleads guilty is not required to pay costs (since the ordinance is silent in reference thereto), whereas if after trial one is found guilty, as was the defendant, by the court, then and only then are the costs assessed. He also asserts there is no relationship between the amount assessed and the costs actually involved.

■ We find no merit in these contentions. That assessment of costs in criminal cases are valid has been determined in *Parker v. People,* 7 Colo. App. 56, 42 Pac. 172, and in *Saunders v. People,* 63 Colo. 241, 165 Pac. 781. The City and County of Denver has authority to pass ordinances assessing costs. *People, ex rel. Soble v. Gill,* 358 Ill. 261, 193 N.E. 192. Such power is legislative and carries a presumption of validity unless there is a clear showing to the contrary. *Consumers League v. Colo. S. Ry. Co.,* 53 Colo. 54, 125 Pac. 577; *Daniel v. Daniel,* 116 Wash. 82, 198 Pac. 728.

In the cases cited by plaintiff in error the purposes for which the costs were assessed bore no relationship to the prosecution of the cases, being for pensions or for a law library and the like. *Ex parte Coffelt,* 93 Okla. Cr. 343, 228 P. (2d) 199; *Ex parte Carson,* 143 Tex. CR R 498, 159 S.W. (2d) 126; *People v. Davis,* 247 Mich. 672, 226 N.W. 671.

■ The assessment of five dollars for costs after trial

is not arbitrary or oppressive. There is much more expense attendant upon such litigation than involved in the mere entering of a plea of guilty on the docket. In the instances wherein the court is dealing with defendants who have entered guilty pleas, great numbers of such cases may be handled by one court in the space of a few hours. In fact, it is the prevalent custom to handle most of them through a so-called "cafeteria" court procedure whereby one brings in the traffic ticket to a cashier and pays the fine. A trial to the court, however, on the merits can consume the time and attention of Judge and attendant personnel for a day or longer. There was no showing by the plaintiff that such costs are unreasonable or confiscatory.

There is no inequality among those who choose to litigate with the city over the merits of their cases since all are required to pay the same in the event they are unsuccessful, and no fee is required if they are successful.

The judgment is affirmed.

MR. JUSTICE HALL did not participate.