537 P.2d 976

**In the Matter of the APPEAL IN MARICOPA COUNTY, JUVENILE ACTION NO. J–78070.**

**No. 1 CA–JUV 20.**

Court of Appeals of Arizona, Division 1, Department B.

July 17, 1975.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

Moise E. Berger, Maricopa County Atty. by C. O. Lamp, Deputy County Atty., Phoenix, for appellee.

## OPINION

HAIRE, Chief Judge.

The sole question presented in this appeal is whether the trial court abused its discretion by committing the juvenile to the State Department of Corrections. The juvenile contends that she "had no previous record with the juvenile court" and should have been granted probation.

The juvenile was adjudicated delinquent on the basis of the trial court's finding that she had committed the public offense of assault with a deadly weapon (a knife) upon a police officer. In addition, the record shows that during the same incident she struck another officer with a board while he was attempting to assist the first officer. The record also indicates that this was not the first contact with the juvenile authorities by this 14 year old girl, since a previous incident involving her public intoxication had been referred to and adjusted by them. After the filing of the petition herein, an additional petition alleging incorrigibility was filed shortly before the adjudication hearing. The juvenile also refused to be interviewed by her probation officer, repeatedly addressed her as a "M——— F——— pig" and assured her that "the judge ain't going to do anything to me because this is my first time", and her brothers, who had been in trouble many times, had never been committed. It is possible that such previous dispositions created and encouraged this juvenile's disrespect for law and its enforcement personnel to the extent that she believed that she would escape any corrective action in spite of her admitted intention and attempt to stab a police officer who was engaged in the performance of his duties.

The disposition of a juvenile who has been adjudicated delinquent is within the discretion of the trial court under A.R.S. § 8–241(A)(2), and one of the authorized dispositions is commitment to the State Department of Corrections. The trial court's determination will not be interfered with in the absence of a showing of a clear abuse of discretion, which is completely absent here. Instead, the record amply supports the commitment. All the juvenile is really arguing is that every first offender must be given probation, no matter how aggravated the act forming the basis for the delinquency finding. This would leave no discretion to the trial judge, and the legislature has not provided for any such arbitrary rule.

The adjudication and disposition orders committing the juvenile are affirmed.

JACOBSON, P. J., and EUBANK, J., concur.