572 P.2d 451

**In the Matter of the APPEAL IN MARICOPA COUNTY, JUVENILE ACTION NO. J–74275.**

**No. 1 CA–JUV 55.**

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 17, 1977.
Review Denied Dec. 20, 1977.

Charles F. Hyder, County Atty., Maricopa County, by C. O. Lamp, Alan W. Johnson, Deputy County Attys., Phoenix, for appellant.

Ross P. Lee, Maricopa County Public Defender, by Therese Martin, Anne W. Kappes, Deputy Public Defenders, Phoenix, for appellee.

## OPINION

EUBANK, Judge.

On January 31, 1977, a petition was filed with the juvenile court alleging that the juvenile in this action had violated the terms and conditions of his probation. The petition was in three counts, and alleged simple battery (Count I), possession of marijuana (Count II), and loitering (Count III). On February 24, 1977, the juvenile appeared before Referee Kirkby Roseveare and offered an admission to Count I of the petition; Counts II and III were dismissed. A disposition hearing was held on May 12, 1977, before The Honorable C. Kimball Rose, who ordered the juvenile committed to the State Department of Corrections, then ordered the commitment suspended and the juvenile continued on probation. The state appealed from the disposition.

The issue in this appeal is whether the juvenile court exceeded its statutory authority by simultaneously ordering the juvenile committed to the Department of Correction, suspending the commitment, and continuing the juvenile on probation. We hold that the action of the juvenile court did exceed the authority granted it in A.R.S. § 8–241(A)(2) (1977).

The Arizona Superior Courts are vested with exclusive original jurisdiction in all proceedings and matters affecting dependent, neglected, incorrigible or delinquent children. Article 6, Section 15, Arizona Constitution, 1 A.R.S. When they exercise their jurisdiction over such children, they act as the "juvenile court." A.R.S. § 8–201(13). The juvenile court's jurisdiction covers a broad range of situations and, once assumed, continues until the child is 21 years old. A.R.S. § 8–246. Although the juvenile court may exercise jurisdiction over a child in many different circumstances, "the powers of the judges to control such children shall be as provided by law." Article 6, Section 15, Arizona Constitution, 1 A.R.S. Thus, the power of the juvenile court to make a particular disposition of a delinquent child is limited in that it must be expressly granted by legislative act.

The possible dispositions of a delinquent child are defined in A.R.S. § 8–241(A)(2). This section gives the court five alternatives. Commitment to the Department of Corrections is one. A.R.S. § 8–241(A)(2)(e). Placement on probation is another. A.R.S. § 8–241(A)(2)(b). None of the subsections, however, provides the court with the power to commit and then suspend the commitment.

We note that commitment to the Department of Corrections under § 8–241(A)(2)(e) does not terminate the jurisdiction of the court over the child. *Ginn v. Superior Court*, 3 Ariz.App. 240, 243, 413 P.2d 571, 574 (1966). In addition, the juvenile court has some inherent power to vacate or modify an order previously made. *Anonymous v. Superior Court*, 10 Ariz.App. 243, 247, 457 P.2d 956, 960 (1969). Thus, the juvenile court might possibly vacate a com-

mitment previously made. We believe, however, that the initial disposition must be undertaken strictly within the authority specified in one of the subsections of § 8–241(A)(2). In vacating a previous order or modifying the terms of a previous order, the juvenile court acts within the confines of a single subsection of § 8–241(A)(2). In this case, by committing, suspending the commitment, and placing on probation, the juvenile court combined two of the subsections of § 8–241(A)(2) without strictly applying either. In our opinion this disposition is beyond the authority of the court.

Our conclusion is consistent with that reached by a Missouri court in very similar circumstances. There, the juvenile court held a disposition hearing under a statute very similar to Arizona's. The juvenile court committed the juvenile, suspended the commitment, and placed the child in the custody of his mother. On appeal, the Missouri court held that the juvenile court's disposition exceeded the powers granted it under the statute and was thus null and void. In re A———— N————, 500 S.W.2d 284, 287–88 (Mo.App.1973). We agree with the Missouri court. The juvenile court here exceeded the powers granted it under A.R.S. § 8–241(A)(2). *Cf. In Re Appeal in Maricopa County*, Juvenile Action No. J–78070, 24 Ariz.App. 248, 537 P.2d 976 (1975).

The attorney for the juvenile would uphold the court's ruling as being within the broad power of the court's discretion in matters relating to a juvenile. While we agree that the court does have broad discretion, we are not convinced that the court's discretion exceeds the limitations of A.R.S. § 8–241(A)(2), as discussed above.

The entire disposition of the juvenile court is vacated and the matter is remanded for disposition consistent with the provisions of A.R.S. § 8–241(A)(2).

WREN, P. J., and JACOBSON, J., concur.