576 P.2d 533

**STATE of Arizona, Appellee,**

v.

**Frank Allen SMITH, Appellant.**

**No. 1 CA–CR 2719.**

Court of Appeals of Arizona, Division 1, Department C.

March 7, 1978.

346

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Division, Steven D. Sheldon, Asst. Attys. Gen., Phoenix, *for appellee.*

John C. Stallings, Prescott, for appellant.

## OPINION

WREN, Judge.

Appellant, Frank Allen Smith, entered a plea of guilty to possessing stolen property, A.R.S. § 13–621, a felony. The plea was made pursuant to a plea agreement which required three counts of receiving stolen property be dismissed. The court suspended the imposition of sentence for three years and placed appellant on probation. A condition of probation was that he serve thirty days in the county jail. The court in addition imposed the following condition:

> "That Defendant shall pay restitution in the amount of $7.00 per day to offset his costs of incarceration for a total of $210.00 within a period of 16 months to the Adult Probation Department."

The validity of the quoted condition is the subject of this appeal.

Appellant argues first that the requirement that he reimburse the county for the costs of incarcerating him is void because it is not authorized by statute. The relevant statute is A.R.S. § 13–1657(A)(1) which provides in pertinent part:

> "A. If it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be subserved thereby, the court may, *in its discretion,* place the defendant upon probation in the manner following:
>
> 1. The court may suspend the imposing of sentence in felony cases and may direct that the suspension continue for such period of time, not exceeding the maximum term of sentence which may be imposed, *and upon such terms and condi-*

*tions as the court determines,* and shall place such person on probation, under the charge and supervision of the probation officer of the court during such suspension. The conditions imposed may include incarceration in the county jail for a specified period not to exceed one year, or a fine not exceeding the amount of fine authorized for the offense." (Emphasis added.)

Appellant points out that probation was unknown at common law and must therefore be imposed in strict accordance with the statute. *State v. Bigelow,* 76 Ariz. 13, 258 P.2d 409 (1953). A.R.S. § 13–1657(A)(1) specifically authorizes courts to exercise discretion in imposing probation and in selecting the terms and conditions of probation. Since we can find no statute specifically authorizing the levying of costs of incarceration as a condition of probation, and appellee has not cited one, the question becomes whether the trial court's discretion under A.R.S. § 13–1657(A)(1) to determine conditions of probation is broad enough to include the condition complained of here.

The Supreme Court of Arizona has stated:

"Probation is a matter of legislative grace. It is a sentencing alternative which a court may use in its sound judicial discretion when the rehabilitation of the defendant can be accomplished with restrictive freedom rather than imprisonment. The court can surround probation with restrictions and requirements which a defendant must follow to retain his probationary status." *State v. Smith,* 112 Ariz. 416, 419, 542 P.2d 1115, 1118 (1975).

The discretion afforded courts to determine and impose conditions of probation has been described in very broad terms:

"[T]he court may require that a defendant comply with numerous conditions of probation when, in the opinion of the court, such conditions aid in the rehabilitation process or prove a reasonable alternative to incarceration as punishment for the crime committed. The defendant, of course, may reject the terms of probation and ask to be incarcerated instead if he finds the terms and conditions of his probation unduly harsh. Unless the terms of

probation are such as to violate basic fundamental rights or bear no relationship whatever to the purpose of probation over incarceration, we will not disturb the trial court in the exercise of its discretion in imposing conditions of probation." *State v. Montgomery,* 115 Ariz. 583, 584, 566 P.2d 1329, 1330 (1977).

The probation statute has been held to authorize the imposition of restitution or reparations as a condition of probation, *Redewill v. Superior Court,* 43 Ariz. 68, 29 P.2d 475 (1934); a probation condition requiring a probationer to submit to search and seizure at any time without the benefit of a search warrant, *State v. Montgomery;* regulating a probationer's hours, requiring him to seek employment and to continue his education, and even to refrain from associating with a certain woman. *State v. Donovan,* 116 Ariz. 209, 568 P.2d 1107 (App.1977). In our view the court did not abuse its broad discretion in requiring appellant to pay $210 for the costs of his incarceration in the county jail. The amount involved is not unreasonable and appellant does not complain that he is indigent and cannot pay. The condition imposed is a reasonable method of bringing home to him the fact that criminal behavior has consequences not only for the victim, but in a very real sense is costly to society as well. We certainly cannot hold that the condition bears "no relationship whatever to the purpose of probation." *State v. Montgomery,* 115 Ariz. at 584, 566 P.2d at 1330.

Appellant relies upon *People v. Baker,* 37 Cal.App.3d 117, 112 Cal.Rptr. 137 (1974), *modified* 39 Cal.App.3d 550, 113 Cal. Rptr. 248 (1974), in which the court struck down a charge of $90,000 for costs of prosecution as an unreasonable condition of probation. The court reasoned that allowing the imposition of costs of prosecution as a condition of probation would confront defendants with potentially unlimited penalties and could conceivably deter defendants from exercising their rights to a jury trial. But these objections assume that the court in imposing conditions of probation has unlimited discretion. As wide as a court's discretion is, *see State v. Montgomery,* it must never be forgotten that it is a *sound*

discretion that must be exercised. A court must not make a decision "characterized by capriciousness or arbitrariness or by a failure to conduct an adequate investigation into the facts." *State v. Douglas,* 87 Ariz. 182, 187, 349 P.2d 622, 625 (1960), *cert. denied,* 363 U.S. 815, 80 S.Ct. 1255, 4 L.Ed.2d 1157 (1960). When these principles are properly applied by the courts, then no defendant will face a potentially unlimited penalty for the commission of a crime. The reasonable costs imposed in this case are a clear indication that the court exercised a sound discretion.

Other states have approved conditions of probation similar to those imposed here. *See State v. Long,* 85 S.D. 431, 185 N.W.2d 472 (1971) ($250 in costs of probation); *Gryca v. State,* 315 So.2d 221 (Fla.App.1975) ($100 as partial costs of prosecution); *Brenner v. State,* 337 So.2d 1007 (Fla.App.1976) (Pro-rata share of investigative costs).

Finally, we note that the court could have imposed a fine of up to $2,000 as a condition of probation under the provisions of A.R.S. § 13–1647. All fines collected in the state in any court, except police court, are paid to the county treasurer. A.R.S. § 13–1675. The $210 collected here as payment for the costs of incarceration will also be paid to the county treasurer. We can see no reason to reverse the trial court for, in practical effect, fining appellant and telling him specifically what the disposition of the money will be.

 Appellant next asserts that this condition of probation violates the constitutional separation of powers set forth in Arizona Constitution Article III. He claims that the trial court thereby imposed its judgment regarding the financing of the Yavapai County Jail upon the Yavapai County Board of Supervisors which has the sole statutory authority to establish a jail. A.R.S. § 11–251(8).

Appellant relies solely upon *Ex Parte Coffelt,* 93 Okl.Crim. 343, 228 P.2d 199 (1951). *Coffelt* was concerned with a statute which required every court in the state, upon the conviction of any person, to assess one dollar payable to the state treasurer for use in defraying the salaries and expenses of the Pardon and Parole Officer of Oklahoma and his assistants. The Criminal Court of Appeals held that this one dollar assessment was not incidental to the prosecution or trial of a criminal case and was in fact a disguised tax; that it violated fundamental concepts of separation of power for the legislature to require the judiciary to collect a tax. The Arizona Supreme Court has similarly held that no department of government may perform the functions of another. *Crawford v. Hunt,* 41 Ariz. 229, 17 P.2d 802 (1932). However, the judicial imposition of a condition of probation in appellant's case is not a tax. In *Coffelt* the assessment bore no relationship whatever to the expenses of the prosecution. Therefore in collecting the assessment the courts were actually acting as tax collectors. See the discussion of *Coffelt* in *Carter v. City of Norfolk,* 206 Va. 872, 147 S.E.2d 139, 143 (1966); *cert. denied,* 385 U.S. 870, 87 S.Ct. 137, 17 L.Ed.2d 97 (1966); *Conner v. Municipal, City and County Court of Denver,* 145 Colo. 177, 358 P.2d 24, 25 (1960). The trial court's assessment of $210 for costs of confinement as a condition of probation bears an undeniable relationship to appellant's case. The court was not collecting a tax and it was not imposing its judgment on the running or financing of the Yavapai County Jail any more than it does when it imposes an ordinary fine. *See* A.R.S. § 13–1675.

 Finally, appellant argues, without legal authority, that the imposition of this condition of probation denied him due process of law. He expresses a fear that judges may begin imposing jail terms for the purpose of enriching the county coffers. We find no merit to such a contention. In the exercise of a court's sound discretion there is little danger that costs of incarceration will be imposed simply to enrich the county treasury.

Affirmed.

DONOFRIO, P. J., and SCHROEDER, J., concur.