596 P.2d 385

**The STATE of Arizona, Petitioner,**

v.

**Honorable John P. COLLINS, Judge of the Superior Court of Pima County, State of Arizona, Respondent;**

and

**William Carlos SEILER, Real Party in Interest.**

**No. 2 CA–CIV 3238.**

Court of Appeals of Arizona, Division 2.

April 19, 1979.

Rehearing Denied May 16, 1979.

Review Denied May 21, 1979.

Stephen D. Neely, Pima County Atty. by Clinton R. Stinson, Deputy County Atty., Tucson, for petitioner.

Edwin J. Valant, Tucson, for real party in interest.

## OPINION

HATHAWAY, Judge.

This special action questions the jurisdiction of the juvenile court to set aside its previous order committing a juvenile offender to the Department of Corrections. As the state's jurisdictional challenge is well-taken, we deem it appropriate to assume jurisdiction.

On November 16, 1978, the juvenile court ordered that the juvenile be committed to the Department of Corrections "to begin evaluation and diagnosis forthwith subject to the Court exercising its allowable prerogative to rescind this Order within the six month period of time so allowed the Court under Arizona law." On March 2, 1979, a "petition for recall of juvenile for reconsideration of dispositional commitment" was filed on behalf of the minor. The petition alleged that the minor had been continuously under the jurisdiction of the Department of Corrections from November 16, 1978, and wished to return to the home of his natural parent as soon as possible to enable him to travel with her to California to reside there. Reconsideration of the juvenile's commitment was requested. Over the state's objection, a hearing was held on the petition and at the conclusion thereof, the court indicated that it was going to exercise its prerogative to change its mind and set aside the order of November 16, 1978, and directed that the juvenile be released on April 2, 1979, the day before his mother was preparing to go to California. The court ordered that the juvenile be placed on probation until his 18th birthday on August 8, 1980, on certain terms and conditions.

■ The state contends that the respondent judge had no authority, after having committed the juvenile to the Department of Corrections, to order such commitment terminated. We agree. The power of a juvenile court judge to control a delinquent child is as provided by law. Art. 6, § 15, Arizona Constitution. Disposition of a delinquent child is circumscribed by A.R.S. § 8–241(A)(2), which authorizes the court to award a delinquent child:

"(a) To the care of his parents, subject to supervision of a probation department.

(b) To a probation department, subject to such conditions as the court may impose.

(c) To a reputable citizen of good moral character, subject to the supervision of a probation department.

(d) To a private agency or institution, subject to the supervision of a probation officer.

(e) To the department of corrections without further directions as to placement by that department.

(f) To maternal or paternal relatives, subject to the supervision of a probation department."

The power of the juvenile court to make a particular disposition of a delinquent child is limited to this statutory authority. *Matter of Appeal in Maricopa County, Juvenile Action No. J–74275*, 117 Ariz. 317, 572 P.2d 451 (App.1977). Here, the court selected the alternative of commitment to the Department of Corrections. Having done so, it divested itself of the authority to "change its mind."

A.R.S. § 8–246 provides:

"A. When jurisdiction has been acquired by the juvenile court of a child, the child shall continue under the jurisdiction of the juvenile court until such child becomes twenty-one years of age, unless

sooner discharged pursuant to law. *From the time of commitment to the department of corrections, a child shall be subject to the control of the department of corrections until such child's absolute discharge.*

B. The awarding of a child shall not extend beyond the twenty-first birthday of a child, and commitments to the department of corrections shall be until the child attains the age of twenty-one years unless sooner *discharged by the department of corrections.*" (Emphasis ours)

In *Ginn v. Superior Court,* 3 Ariz.App. 240, 413 P.2d 571 (1966), we discussed the predecessor statutory counterpart of A.R.S. § 8–246. It was contended in *Ginn* that by virtue of the child's commitment to the industrial school, the jurisdiction of the juvenile court terminated because exclusive control of the child was vested by statute in the board of directors of state institutions for juveniles. We stated:

" 'Jurisdiction' and 'control,' as set forth in A.R.S. § 8–236, [predecessor of A.R.S. § 8–246] can co-exist. Webster's Third New International Dictionary defines *control* as 'the power or authority to manage or guide.' It is apparent that the legislature intended the board of directors to be the exclusive body to determine a delinquent child's readiness to be released from the industrial school. This makes good sense as the board is in a better position than the committing court to decide the child's fitness to resume his place in society." 3 Ariz.App. at 243, 413 P.2d at 574.

■ That the legislature intended that only the Department of Corrections decide when a youth offender should be discharged or released is manifested in A.R.S. § 41–1608, which provides in part:

"A. When it appears to the department that there is reasonable probability that a youth offender will, if at liberty, observe the law, that the youth offender's discharge or release will not be incompatible with the welfare of society or detrimental to such youth offender's own good, the department may issue to the youth offender an absolute discharge, or a release under such conditions as it deems advisa-

ble. When a youth offender is so discharged or released, the department shall promptly notify the committing court, which shall keep a record thereof. If the youth offender thereafter violates any of the conditions of his conditional release, the youth offender may forthwith, and without further process, be removed by the department to an appropriate institution or other placement. In no event may such a youth offender be retained in a conditional release status beyond such youth offender's twenty-first birthday."

■ Under A.R.S. § 8–241(A)(2), an award of a delinquent child to the Department of Corrections is absolute and only under the limited circumstances provided in A.R.S. § 41–1604(B)(2)(f) may the court reinvest itself with the authority over custody and control of a delinquent child. This statute provides:

"B. The director may:

\*     \*     \*     \*     \*     \*

(f) Transfer youth offenders who have been committed to the department or to any facility under its jurisdiction between the various institutions for youths, foster homes and public and private agencies upon notification to the committing court, provided, however, the committing court may remove the child from the custody and control of the state department of corrections."

Under A.R.S. § 8–241(A)(2)(e), the initial placement by the Department of Corrections is not subject to the direction of the court. However, under A.R.S. § 41–1604(B)(2)(f), the court may reconsider commitment to the Department of Corrections if notified by the department of the transfer of a juvenile offender to a facility not under its jurisdiction.

■ An analysis of all the pertinent statutes discloses a legislative intent that release or discharge of a juvenile offender under the exclusive control of the Department of Corrections is left to the department. The limited circumstances prescribed by statute for removal of this exclusive control are not present here. There is no statutory authority for a conditional commitment to the department. The re-

spondent court therefore lacked jurisdiction to "reconsider" its commitment order.

The order of disposition is therefore vacated, and the respondent court is directed to transfer the juvenile to the custody and control of the Department of Corrections.

RICHMOND, C. J., and HOWARD, J., concur.