650 P.2d 1278
**In the Matter of the APPEAL IN PIMA COUNTY JUVENILE ACTION NO. J–20705–3.**

**No. 2 CA–CIV 4394.**

Court of Appeals of Arizona, Division 2.

July 23, 1982.

Review Denied Sept. 16, 1982.

Frederic J. Dardis, Pima County Public Defender by George Erickson, Tucson, for appellant.

Stephen D. Neely, Pima County Atty. by Rick Unklesbay, Tucson, for appellee.

OPINION

BIRDSALL, Judge.

The appellant juvenile was adjudicated delinquent. At the end of his disposition hearing the court entered the following order, which is the subject of this appeal:

"IT IS ORDERED that John Paul Anderson is placed on official probation until his 18th birthdate under the following conditions:

1. That the minor obey all laws.

2. That the minor report to the Pima County Juvenile Court Detention Center at 5:00 p. m. every Friday until 6:00 a. m. every Monday for a period of six consecutive weekends commencing with Friday, 2 April 1982, and ending with Friday, 2 May 1982. The minor will remain in the care, custody and control of the Pima County Juvenile Court Detention Center for the purpose of effective counseling and probation services to effectuate the minor's rehabilitation during the counseling program from 5:00 p. m. Friday night until 6:00 a. m. Monday morning for those six consecutive weekends, at which time, the minor will be released to attend his job, to attend school or home.

3. That the minor be housed at the convenience of the Pima County probation staff in the Pima County Juvenile Court Detention Center in such facilities as may be available during the minor's stay in the care of the probation staff.

IT IS ORDERED that this minor's parents are responsible for transporting the minor to and from the Juvenile Court Detention Center for the aforementioned weekends."

We interpret this order to be an award of the child to the care of his parents, subject to the supervision of the probation department. *See* A.R.S. § 8–241(A)(2)(a). The power of the juvenile court to make a disposition of a delinquent child is limited to those dispositions specifically enumerated in the statute, A.R.S. § 8–241(A)(2). *See State v. Collins,* 122 Ariz. 550, 596 P.2d 385 (App.1979); *In re Appeal in Maricopa County, Juvenile Action No. J–74275,* 117 Ariz. 317, 572 P.2d 451 (App.1977). The disposition order of the juvenile court should follow the language of the statute. *See In re Appeal in Pinal County, Juvenile Action No. J–169,* 131 Ariz. 187, 639 P.2d 377 (App.1981).

When the court makes disposition under A.R.S. § 8–241(A)(2)(a), as we find it did here, the court may also order that the juvenile be placed on probation. *In re Appeal in Maricopa County, Juvenile Action No. J–72752,* 21 Ariz.App. 414, 520 P.2d 327 (1974). The court may then order certain conditions of probation to control the behavior of the child. This is an inherent power of the court arising out of the need to attempt the rehabilitation of the child and to protect society from further delinquent acts. We find that this power, the ability to impose conditions of probation, exists even though it is not specifically set forth in the statute.

This appeal questions the power of the court to impose the weekend confinement as a condition of probation. This question has been considered in California where such a condition has been upheld. *See e.g., In re John S.,* 83 Cal.App.3d 285, 147 Cal. Rptr. 771 (1978) (juvenile required to spend between five and ten days custodial time); *In re Ricardo M.,* 52 Cal.App.3d 744, 125 Cal.Rptr. 291 (1975) (requirement that minor spend not less than five nor more than 20 days in juvenile hall as determined by hall's staff); *In re Bacon,* 240 Cal.App.2d 34, 49 Cal.Rptr. 322 (1966) (minor required to spend four weekends at the probation

department's training academy, subject to reduction to two weekends in discretion of probation officer); *In re Junior B.,* 273 Cal. App.2d 607, 78 Cal.Rptr. 436 (1969) (commitment to juvenile hall for 12 weekends). *Compare In re Debra A.,* 48 Cal.App.3d 327, 121 Cal.Rptr. 757 (1975) (successive weekend commitment to juvenile hall, not as a condition of probation, invalidated).

■ A condition of probation which does not violate basic fundamental rights and bears a relationship to the purpose of probation will not be disturbed on appeal. *State v. Smith,* 118 Ariz. 345, 348, 576 P.2d 533 (App.1978). Appellant has been in the juvenile justice system since 1979. He has been in several residential and non-residential programs, and at the time of the instant disposition was on parole from the Department of Corrections. The juvenile court will no longer have jurisdiction over him after January 8, 1983, his eighteenth birthday. He had been making some progress in a structured setting where he had the benefit of counseling. It was not unreasonable, therefore, for the juvenile court to require the six weekends at the detention center in the hope of maintaining the progress and minimizing appellant's exposure to detrimental influences. This condition clearly bears a reasonable relationship to possible rehabilitation. We find no abuse of discretion.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.