■ In the Matter of WENDY C., Alleged to Be a Person in Need of Supervision. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WENDY C., Appellant.— Mahoney, P. J. Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered July 1, 1986, which, in a proceeding pursuant to Family Court Act article 7, placed respondent in the custody of her father in Texas and ordered her to attend school and receive counseling until she reached the age of 18.

Respondent was born January 30, 1970. On January 2, 1986, when she was 15 years old, Family Court entered a dispositional order finding that respondent was a person in need of supervision (PINS) *(see,* Family Ct Act art 7) and ordered that she reside with her grandmother for 18 months and attend school. Subsequently, on April 24, 1986, petitioner filed a petition alleging that respondent had willfully violated the terms of Family Court's dispositional order by being "suspended, tardy or absent" from school for 40 days since January 22, 1986. Respondent answered by denying the essential allegations of the petition.

A fact-finding hearing was held, after which Family Court found that respondent violated its prior dispositional order. After a dispositional hearing, by order dated July 1, 1986, Family Court ordered that respondent be placed in the custody of her father in Midland, Texas, and that she receive counseling and be enrolled in some type of educational facility. When respondent refused to go to her father's residence in Texas, Family Court scheduled a hearing for July 10, 1986. Respondent took an appeal and obtained a stay pending appeal from a Justice of this court.

First, we reject respondent's argument that the order of Family Court directing respondent to attend school until she reaches the age of 18 years of age is unlawful. Presently, courts limit the definition of PINS to individuals of both sexes under 16 years of age *(see,* Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 712, at 19). Article 65 of the Education Law requires individuals to attend school until they are 16 years old (Education Law § 3205 [1] [a]). Thus, females under 16 years of age who do not regularly attend school are PINS *(see, Matter of Patricia A.,* 31 NY2d 83). In a PINS proceeding, jurisdiction of the court is determined based upon the individual's age at the time he or

she was first determined to need supervision (Family Ct Act § 714 [a]), but a court has no jurisdiction over an individual as a PINS after the individual turns 18 (Family Ct Act § 714 [b]). Thus, if an individual is found to be a PINS prior to when she turns 16 years of age, the court may hold supervision proceedings until the individual is 18 years of age (see, Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 714, at 28; 12A Zett-Edmonds-Buttrey-Kaufman, NY Civ Prac § 25.12 [3] [c] [ii]). The court may also grant successive extensions of placements until the individual reaches 18 years of age (Family Ct Act § 756-a [f]).

In the instant case, respondent was properly adjudicated a PINS on January 2, 1986, when she was 15 years old. Subsequently, when it was found that Family Court's dispositional order was being violated, Family Court retained jurisdiction over respondent to hold supervisory proceedings until she reaches 18 years of age (see, Family Ct Act § 714 [a]). Thus, we conclude that the court acted within its continuing supervisory authority over respondent in making the order that she must attend school.*

Finally, we hold that Family Court did not abuse its discretion in ordering respondent to live with her father in Texas. It is abundantly clear from the record that respondent was not receiving adequate supervision from her mother or grandmother. Both testified that respondent was living at her grandmother's home in accordance with Family Court's order dated January 2, 1986. An investigation by the Probation Department revealed evidence to the contrary. That investigation revealed that respondent's "room" at her grandmother's house showed no signs of being lived in during the time respondent was absent from school in January 1986.

Respondent's father traveled from Texas to attend the January 1, 1986 dispositional hearing and indicated that he and his family were interested and able to provide a more structured environment for respondent, giving her the supervision which Family Court found respondent needed but was not receiving in her current situation.

Order affirmed, without costs. Mahoney, P. J., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

---

* It should be noted that Family Court's order was to expire 18 months after the original order was issued on January 2, 1986. Accordingly, Family Court's dispositional order will expire on July 2, 1987 if it is not renewed (see, Family Ct Act § 756-a). However, this issue is not raised in this appeal.