■ In the Matter of SHANNON ZZ., a Person Alleged to be in Need of Supervision, Appellant. JOHN J. EARLEY, Respondent. —Mahoney, P. J. Appeal from an order of the Family Court of Chemung County (Frawley, J.), entered February 22, 1990, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

On September 28, 1989, petitioner filed a petition seeking to have respondent, then approximately 15½ years old, adjudged a person in need of supervision (hereinafter PINS). The petition as amended alleged that respondent failed to attend school on 10½ days during the first month of the 1989-1990 school year "without sufficient justification". Attached to the petition was a report that indicated respondent previously participated in the PINS Adjustment Services Plan (hereinafter Plan) from December 8, 1988 to February 8, 1989, when the case was closed as "adjusted", i.e., a satisfactory resolution of the complaint was made without court intervention *(see,* 9 NYCRR 357.6 [a] ).

At a fact-finding hearing on November 2, 1989, respondent admitted the allegations of the petition and to an almost complete absence from school during the month of October 1989. Respondent's Law Guardian objected to the way the case was being handled and requested that the matter be referred for adjustment purposes. Family Court denied the request,

expressing concern about losing jurisdiction because of respondent's age and over the Law Guardian's negative response to the court's inquiry concerning respondent's conduct during the prior year. Upon completion of the hearing, a court order was entered directing respondent to attend school every day and scheduling the matter for disposition.

Thereafter, the Probation Department submitted a presentence report recommending that respondent be adjudicated a PINS and placed on probation supervision. At the dispositional hearing on February 22, 1990, respondent's Law Guardian again objected to respondent being charged as a PINS without proper consideration of adjustment under the Plan. Family Court, still concerned with the possibility of losing jurisdiction over the matter because of respondent's age, stated, in relevant part: "[respondent] was 15 at the time and PINS diversion cannot operate with 15-year olds because if it doesn't work, then the Court loses jurisdiction of it * * *. I do not want anybody 15 years of age to go on PINS diversion. It's counterproductive because if they can't work with him, then we lose jurisdiction." Accordingly, a dispositional order was entered, over the Law Guardian's objection, adjudging respondent a PINS and placing him on probation for 12 months under the supervision of the Probation Department. This appeal by respondent ensued.

We reverse. Family Court's interpretation of the applicable section of the Family Court Act regarding jurisdiction is erroneous. The jurisdiction of Family Court with respect to PINS exists so long as respondent was under 16 years of age at the time of the conduct necessitating supervision (see, Family Ct Act § 712 [a]; § 714 [a]; Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 714, at 28). Moreover, Family Court Act § 714 (b) provides that proceedings can be initiated up until a respondent's 18th birthday. Indeed, we have held that Family Court has jurisdiction over a PINS until age 18 when, as here, the underlying misconduct is a failure to attend school in violation of Education Law article 65, even though that statute only mandates attendance until age 16 (see, Matter of Wendy C., 133 AD2d 904). Since Family Court's resolution of this proceeding was based largely on its misapprehension of its jurisdiction, we believe it prudent to remit for reconsideration based on the proper rules. This resolution makes it unnecessary to address the other points raised by respondent.

Order reversed, on the law, without costs, and matter remitted to the Family Court of Chemung County for further

proceedings not inconsistent with this court's decision. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.