In the Matter of CHARLES FREDERICK M., Respondent. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. [644 NYS2d 758]

The respondent was adjudicated a person in need of supervision (PINS) pursuant to Family Court Act article 7 because of his excessive absenteeism from school and placed on probation in October 1992. He was subsequently ordered into placement with the Orange County Department of Social Services, pursuant to Family Court Act § 756, as a result of his continued truancy and misbehavior at home. While in placement, the respondent continued to be truant and had problems with other students. He was removed to a group home where he continued to struggle with truancy. He was arrested for shoplifting in November 1993.

On March 4, 1994, the Family Court granted the petitioner's

application for an order extending the respondent's placement for an additional six months. On March 28, 1994, the respondent absconded from the group home program and was reported missing. On July 5, 1994, while the respondent was still at large, the Family Court granted the petitioner's application for an order extending placement for an additional 12 months.

By petition dated March 24, 1995, the petitioner sought to terminate its custody of respondent on the grounds that the respondent had been missing for a year, he was then $16^1/2$ years old, efforts to return him to New York on a warrant were unsuccessful, and there was some indication that he was living with his father in Kentucky.

The Family Court did not improvidently exercise its discretion in denying the petition. Even if the respondent is no longer subject to the compulsory education requirements of the Education Law *(see,* Education Law § 3205 [1] [a], [c]; [3]), the Family Court may continue to hold supervisory proceedings until the respondent is 18 years old *(see,* Family Ct Act § 714 [a]; *Matter of Wendy C.,* 133 AD2d 904). The record in this case indicates that the respondent's problems consist of more than his mere failure to attend school. Under these circumstances, continued supervision is warranted at least until complete information is gathered regarding the respondent's present circumstances and a new dispositional hearing can be held *(see, Matter of Ellie OO.,* 85 AD2d 841). Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.