221 P.3d 38

**In re MARBELLA P.**

**No. 1 CA–JV 09–0081.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 19, 2009.

Jon R. Smith, Yuma County Attorney By Mark Edward Hessinger, Deputy County Attorney, Yuma, Attorneys for Appellee.

Law Offices of Paul J. Mattern By Paul J. Mattern, Phoenix, Attorney for Appellant.

**OPINION**

BROWN, Judge.

¶ 1 Marbella appeals the juvenile court's adjudication of incorrigibility, based on her truancy, and the resulting disposition. She asserts that the court lacked jurisdiction to impose any probationary term beyond her sixteenth birthday. Alternatively, she con-

tends the length and conditions of probation were arbitrary and capricious. For the following reasons, we affirm.

## BACKGROUND

¶ 2 In December 2008, Marbella, age fifteen at the time, was the subject of a juvenile referral alleging that she missed fifty-three class periods at her high school in Yuma. She agreed to a diversion program, which included an obligation to submit attendance reports indicating no absences for two months. She failed to meet the terms and conditions of the program, however, and the State filed a petition in juvenile court alleging she was an incorrigible child under Arizona Revised Statutes ("A.R.S.") section 8–201 (2007)[1] because she had committed truancy on seventeen occasions.[2]

¶ 3 At the advisory hearing, counsel for Marbella noted his concern about the court's ability to order a child to attend school beyond the child's sixteenth birthday, which in Marbella's case would occur in August 2009. Following a contested hearing in May 2009, Marbella was adjudicated incorrigible. Prior to disposition, her counsel argued briefly that the juvenile court had no jurisdiction except to "perhaps have [Marbella] turn in her grades and monitor her schooling for up until her [sixteenth] birthday."

¶ 4 Nonetheless, consistent with the recommendation made by the juvenile probation department, the court placed Marbella on protective supervision ("probation") for twelve months, until May 15, 2010. The court's order imposed a number of conditions, including regular school attendance, payment of a monthly supervision fee, screening for a reading program, any other counseling directed by the probation officer, attendance at a delinquency prevention program, monthly reporting, and residing in her father's home. In response to Marbella's jurisdictional concern, the court acknowledged that a sixteen-year-old is not legally obligated to attend school, but when school attendance "[is] made a condition of probation, then the court does [not][3] find that to be contradictory as far as being over [sixteen], but being required to attend school." Marbella filed a timely notice of appeal and we have jurisdiction pursuant to A.R.S. § 8–235(A) (2007).

## DISCUSSION

■ ¶ 5 Marbella argues that the juvenile court has no jurisdiction to impose probationary conditions that extend beyond her sixteenth birthday. She points to the compulsory education statute, which provides that "[e]very child between the ages of six and sixteen years shall attend a school and shall be provided instruction in at least the subjects of reading, grammar, mathematics, social studies and science." A.R.S. § 15–802(A) (2009). Marbella asserts that the specific age restrictions found in this section take precedence over the general statute establishing the jurisdiction of the juvenile court, which provides as follows:

> Except as otherwise provided by law, jurisdiction of a child that is obtained by the juvenile court in a proceeding under this chapter ... shall be retained by it, for the purposes of implementing the orders made and filed in that proceeding, until the child becomes eighteen years of age, unless ter-

---

1. Unless otherwise indicated, we cite to the current version of the applicable statute because no revisions material to this decision have since occurred.

2. Under A.R.S. § 8–201(15) an "incorrigible child" includes "a child who is between six and sixteen years of age and who is not in attendance at a public or private school during the hours that school is in session, unless excused as provided by this section." A.R.S. § 15–803(C)(3) (2009). A child is habitually truant if absent at least 5 days within the school year without excuse. *Id.* at (C)(1).

3. We construe the omission of the word "not" from the transcript as a typographical error. *See LaSalle Bank, N.A. v. C/HCA Dev. Corp.*, 384 Ill.App.3d 806, 323 Ill.Dec. 475, 893 N.E.2d 949, 964 (2008) (assuming that the trial transcript contained a typographical error, such as omitting the word "not," because the sentence as written contradicted the trial court's conclusion). Here, without the word "not," the court's conclusion would be entirely inconsistent with its decision to order Marbella to continue attending school during the probationary term, which extends beyond her sixteenth birthday.

minated by order of the court before the child's eighteenth birthday.

A.R.S. § 8–202(G) (2007).

¶ 6 We review de novo purely legal issues of statutory interpretation. *Mejak v. Granville,* 212 Ariz. 555, 556, ¶ 7, 136 P.3d 874, 875 (2006). In interpreting statutes, we make every effort to give effect to the intent of the legislature. *Id.* at 557, ¶ 8, 136 P.3d at 876. We consider the statutory language the best indicator of that intent, and do not proceed further to ascertain the intent if the language of the statute is clear and unambiguous. *Id.* "We employ a common sense approach, reading the statute in terms of its stated purpose and the system of related statutes of which it forms a part, while taking care to avoid absurd results." *State v. Barragan–Sierra,* 219 Ariz. 276, 282, ¶ 17, 196 P.3d 879, 885 (App.2008).

¶ 7 Despite Marbella's contention to the contrary, we find no conflict between § 15–802(A) and § 8–202(G). By its terms, § 15–802(A) requires children of certain ages to receive educational instruction. Thus, the legislature plainly indicated its intent to require children under sixteen to attend school. But there is nothing in § 15–802(A) remotely suggesting that the legislature intended to limit a juvenile court's jurisdictional authority to enforce its own orders. Section 8–202(G), on the other hand, shows the legislature's intent to give the juvenile court express authority to retain jurisdiction until the child reaches the age of eighteen. Additional evidence of legislative intent is found in § 8–246(A) (2007), which provides that "[w]hen jurisdiction of a juvenile has been acquired by the juvenile court, the juvenile shall continue under the jurisdiction of the juvenile court until the juvenile attains eighteen years of age[.]"

¶ 8 Other jurisdictions with similar educational statutes have likewise determined that jurisdiction of the juvenile court to require school attendance is not restricted to children under the age of sixteen. *See In Interest of C.W.,* 292 Ill.App.3d 201, 226 Ill. Dec. 80, 684 N.E.2d 1076, 1078 (1997) (finding that legislature intended to allow juvenile court to maintain jurisdiction over a truant minor beyond the age of sixteen and affirm-ing the juvenile court's order directing him to attend school notwithstanding that he was no longer subject to the compulsory education statute); *In re Wendy C.,* 133 A.D.2d 904, 520 N.Y.S.2d 277, 279 (1987) (concluding that the lower court "acted within its continuing supervisory authority" over the juvenile in ordering that she must attend school until age eighteen, even in the face of compulsory education statute which only required attendance until age sixteen); *People ex rel. Tara P. v. DiStefano,* 146 Misc.2d 513, 550 N.Y.S.2d 989, 991 (Fam.Ct.1989) (rejecting minor's argument that once she became sixteen, she was no longer subject to the jurisdiction of the juvenile court or its terms of supervision, including requirement that she attend school regularly).

¶ 9 In sum, we decline Marbella's invitation to read a jurisdictional limitation into § 15–802(A) that is neither stated nor intended. *See State ex rel. Morrison v. Anway,* 87 Ariz. 206, 209, 349 P.2d 774, 776 (1960) (courts will not enlarge, stretch, or expand a statute to matters not falling within its express provisions). We therefore hold that the juvenile court retains jurisdiction over Marbella, until she reaches age eighteen, to require performance of the conditions established as a result of her truancy adjudication.

¶ 10 Marbella further contends that because she is now sixteen and cannot be cited for truancy in the future, the terms of her probation bear no relation to the adjudicated act of truancy and thus cannot accomplish the goal of rehabilitation. She argues that no services can keep her from becoming truant, as it is now impossible. Her position, however, takes an excessively narrow view of the purposes of probation and fails to consider the broad discretion of the juvenile court in developing an appropriate disposition for an incorrigible child.

¶ 11 The juvenile court has the inherent power to order conditions of probation to attempt to rehabilitate the child as well as to protect society by controlling the child's behavior. *See Pima County Juv. Action No. J–20705–3,* 133 Ariz. 296, 297, 650 P.2d 1278, 1279 (App.1982); *see also* Ariz. R.P. Juv. Ct. 31(A) (providing that a court may place a juvenile on probation at the time of disposition and must impose conditions that will

"promote rehabilitation and public safety"). We will not disturb a condition of probation "which does not violate basic fundamental rights and bears a relationship to the purpose of probation[.]" *J–20705–3*, 133 Ariz. at 298, 650 P.2d at 1280 (citing *State v. Smith*, 118 Ariz. 345, 348, 576 P.2d 533, 536 (App. 1978)).

¶ 12 The terms of Marbella's probation require her to attend school on a regular basis, attend delinquency prevention classes, complete community service, report to her juvenile probation officer, pay various fees, and live with her father. Each of the requirements bears a rational relationship to the general purpose of her probation—to help her learn from her prior mistakes and to help protect society by reinforcing the importance of education and personal responsibility. *See In re Robert M.*, 163 Cal.App.3d 812, 815, 209 Cal.Rptr. 657 (1985) ("School attendance has regularly been upheld as a condition of probation reasonably related to rehabilitation and prevention of future criminality."). Marbella had the opportunity to correct her behavior when she entered the diversion program; she failed in that effort and therefore placed herself in the position of facing the legal consequences of her failure to attend school, as determined by the juvenile court within the broad scope of the juvenile statutes and rules.

¶ 13 The terms of Marbella's probation will assist her in avoiding such conduct. Additionally, none of the requirements violate Marbella's basic fundamental rights. Thus, we reject Marbella's contention that the length and terms of the probation order were arbitrary and capricious.

## CONCLUSION

¶ 14 For the foregoing reasons, we affirm the juvenile court's order adjudicating Marbella as an incorrigible child and placing her on probation.

CONCURRING: PETER B. SWANN, Presiding Judge, and LAWRENCE F. WINTHROP, Judge.