**Hillis W. FAUDREE, Plaintiff**

v.

**IRON CITY SAND & GRAVEL COMPANY, Defendant.**

**Civ. A. No. 17644.**

United States District Court
W. D. Pennsylvania.
Jan. 23, 1962.

Louis C. Glasso, Pittsburgh, Pa., for plaintiff.

Robert E. Wayman, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is an action arising under the Jones Act to recover damages for personal injuries.

The jury returned a verdict which reads in part as follows:

" * * * we the undersigned agree to award plaintiff $45,000 for inability to fully fulfill his duties and $10,000 for pain and suffering caused by his accident due to this negligence."

The Court thereupon entered judgment in favor of the plaintiff in the amount of $55,000.00.

The sole matter before the Court is defendant's motion for new trial based upon the following reasons:

1. The verdict was indefinite, improper and contrary to the instructions of the Court.

2. The verdict was excessive.

3. The comments and conduct of the trial judge were highly prejudicial to the defendant.

## THE VERDICT

I am satisfied that the verdict as returned by the jury reflects a clear understanding of the court's instructions as they related to the elements of damages. One of the crucial issues for the jury's determination hinged on whether plaintiff had sustained an impairment of earning power despite an increase of his wages following his injury. It is apparent that the jury recognized such impairment to the extent of $45,000.00, making a distinct and separate award of $10,000.00 for pain and suffering.

I am cognizant that no particular set or form of words is required in a verdict, and any words which convey beyond a reasonable doubt the meaning and intention of the jury are sufficient. Although defective in form, if a verdict substantially finds the question in issue in such a way as will enable the Court intelligently to pronounce judgment thereon for one or the other party, according to the manifest intention of the jury, it is sufficiently certain. 53 Am. Jur., Sec. 1050 p. 726.

At the time of the reading of the verdict, the Court did not have a scintilla of doubt or reservation as to the manifest intention of the jury, for had the slightest uncertainty existed, the Court would have directed the jury to rephrase the verdict.

## EXCESSIVENESS

While plaintiff was employed as an engineer on defendant's vessel and was engaged in making repairs to a suction line, a fellow employee negligently turned on an air hose causing air, water and dirt to be blown into plaintiff's face which knocked him backwards striking his head against an iron hull support. Plaintiff sustained a fractured skull, a back and neck injury with a partial occlusion of the left carotid artery which results in partial blood blockage to the brain, causing a sensation of weakness and dizziness. Upon advancement in age, coupled with arterio-sclerosis, a sudden head movement or twisting could produce a speech defect and paralysis or stroke. He sustained a 40 to 50 per cent disability as a laborer and is rendered unable to conduct his work around extremely loud noises.

Recognizing that plaintiff had a life expectancy of 35.9 years and was earning approximately $10,000.00 per annum at the time he experienced his accident, with a 40 to 50 per cent impairment of this economic horizon it would be presumptuous of the Court to substitute its judgment for that of the jury in concluding that an award of $45,000.00 for impairment of earning power is excessive. Defendant's reliance on the thesis that plaintiff was earning more in wages after the accident is of no merit since it is not the status of the immediate present which determines capacity for remunerative employment. The normal status of a healthy person is to progress and to the extent that his progress has been curtailed, he has suffered a loss which is properly computable in damages. City of Philadelphia v. Philadelphia Transportation Co., 400 Pa. 315, 162 A.2d 222. The award of $10,000.00 for pain and suffering and inconvenience is amply supported in the record.

As this Circuit has frequently reiterated, while an award may be high it should stand if there is ample evidence to justify it. It is not my prerogative to arbitrarily substitute my judgment for that of the jury. Trowbridge v. Abrasive Co. of Philadelphia, 190 F.2d 825 (3rd Circuit) ; Lebeck v. William A. Jarvis, Inc., 250 F.2d 285 (3rd Circuit) ; Thomas v. Conemaugh and Black Lick Railroad Co., 234 F.2d 429 (3rd Circuit).

## COMMENTS AND CONDUCT OF TRIAL JUDGE

Defendant contends most vigorously that the trial judge openly exhibited a partisan zeal for the plaintiff wholly out of keeping with his office and contends that its defense was ignored by the jury due to the inflammatory conduct of the

Court which created a prejudicial atmosphere resulting in the denial of a fair and impartial trial.

In this connection, the defendant adverts to remarks wherein the Court, on occasion, admonished counsel for their conduct in the courtroom. The Court, on one occasion in ruling on a question of evidence, criticized the manner of argument and conduct of trial counsel.[1]

It is noteworthy that a review of the record amply demonstrates that in virtually every instance the Court, in commenting on the conduct of counsel, directed its remarks to both counsel for the plaintiff and the defendant. In the sixteen years that this member of the Court has been privileged to administer jury trials, a more protracted and heated proceeding has never been experienced where counsel demonstrated such deep-rooted personal feeling and acrimony toward each other without regard to the slightest semblance of decorum or good manners. At one instance, one of the attorneys in the presence of the Court and jury ripped a paper out of the hand of opposing counsel. As evidence of the animosity and personal feeling which pervaded the entire trial, at time of argument of the instant motion, and after counsel had left the courtroom, my personnel had occasion to see opposing counsel most vociferously arguing in the hallway immediately adjacent to the courtroom in loud and unmannerly tones.

■ The trial judge in a Federal Court is not a mere presiding officer. It is his function to conduct the trial in an orderly way with a view to eliciting the truth and to attain justice between the parties. It is his duty to see that the issues are not obscured, that the trial is conducted in a proper manner, that the testimony is not misunderstood by the jury, to check counsel in any effort to obtain an undue advantage or to distort the evidence, and to curtail an unnecessarily long and tedious examination or cross-examination of witnesses. Russell v. Monongahela Railway Co., 262 F.2d 349 (3rd Circuit).

It is further noteworthy that counsel for the defendant did not make formal objection to any of the matters during the course of the trial which it presently raises as being prejudicial nor did defendant counsel state any objection to the charge of the Court to the jury.

■ Though a trial judge is an administrator primarily charged with the just conduct of the trial, he may not ordinarily be put in error merely because an aberration from trial rules has occurred. It is the duty of counsel, by objection, to call such threatened or actual departure to the judge's attention and invoke his corrective action and, if overruled, to make it appear that prejudice has resulted.

■ I am further cognizant of the rule that a trial judge may never abdicate his function or surrender to counsel the conduct of the trial and that he must exercise his function to guide and control it. Glassine Paper Co. v. Shannon, 238 F.2d 765 (2nd Circuit).

■ I am satisfied that no comment in this record, when taken in the proper perspective and balance of the entire record, could be deemed to be improperly influencing the jury. Goldstein v. United States, 63 F.2d 609 (8th Circuit); Throckmorton v. St. Louis-San Francisco Railway Co., 179 F.2d 165 (8th Circuit).

Upon a review of the entire record, I am satisfied that the record does not show that the Court, in any way, permitted prejudicial error to creep into and prevent justice in the case and that an award in the amount of $55,000.00 is amply supported under all the credible evidence.

An appropriate order is entered.

---

1. At one instance, the Court directed these remarks to both counsel: "I am watching these jurors. I humbly tell you neither one of you are helping yourselves. Where you think you are going to land, I don't know. Anything in evidence you may comment on it, that is it." (Transcript of Record, page 305)