446 P.2d 253

**In the Matter of the Application of Jesus Eddie SANTA CRUZ For a Writ of Habeas Corpus.**

**Alex SANTA CRUZ and Juanita Santa Cruz, parents of Jesus Eddie Santa Cruz, Petitioners,**

v.

**STATE DEPARTMENT OF CORRECTIONS and Steve Vukevich, Superintendent of the Arizona State Industrial School, Respondents.**

**No. 2 CA–HC 88.**

Court of Appeals of Arizona.

Oct. 29, 1968.

Rehearing Denied Nov. 22, 1968.

Review Denied Jan. 14, 1969.

William Messing, Tucson, for petitioners.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., Norval C. Jesperson, Asst. Atty. Gen., for respondents.

MOLLOY, Judge.

These habeas corpus proceedings were instituted by the petitioners, parents of a minor child adjudicated delinquent, to require the respondents to return said child to the Arizona Youth Center. On May 22, 1968, the Pima County Juvenile Court entered an order of commitment which reads, in pertinent part:

"That Jesus E. Santa Cruz be committed to the care and custody of the Board of Directors of State Institutions for Ju-

veniles for placement in Arizona Youth Center or such other appropriate institution as the said Board shall thereafter determine for a period of time until the authorities see fit to release you."

On May 27, 1968, the youth was transported to the Arizona Youth Center and four days later was transferred to the Arizona State Industrial School. The petitioners challenge the legality of the minor's transfer to, and detention at, the Industrial School.

The powers of the juvenile court with regard to commitment of a juvenile offender are delineated in A.R.S. § 8–231, as amended:

"A. *The judge* shall make such order for the commitment, custody and care of the child as the child's welfare and the interests of the state require. He may commit the child:

\*   \*   \*   \*   \*   \*

"3. To a suitable institution.

\*   \*   \*   \*   \*   \*

"8. To the state industrial school.

"9. To an institution provided for juvenile offenders." (Emphasis added.)

In the recent case of Gault v. Board of Directors of State Institutions for Juveniles, 103 Ariz. 397, 442 P.2d 844 (1968), our Supreme Court had occasion to consider the respective authority, powers and duties of the juvenile court vis-a-vis the Board of Directors.[1] The Court held that the juvenile court order of commitment, which recited that the juvenile was committed to the Board " \* \* \* for placement at the Arizona Youth Center \* \* \*," had the effect of committing the youth therein involved to such institution and not to the

---

1. The Court stated:

"\* \* \* the legislature on March 27, 1968 enacted Chapter 198, Laws of 1968 [A.R.S. §§ 8–301 to 8–321 repealed and §§ 41–1601 to 41–1609 added] setting up a State Department of Corrections which eliminated the Board and transferred the powers and duties of the Board to the new department. \* \* \* we believe that it is significant to note

that the powers and duties of the new department with regard to juvenile institutions have not been changed materially from those powers and duties of the previous Board. The provision for assignment of girl juvenile offenders to appropriate institutions is reiterated and no change is made with regard to placement of a male juvenile offender." 442 P.2d at 847.

Industrial School. The mandate of *Gault,* supra, is clear—authority to commit a male juvenile offender to a particular institution is vested in the juvenile court.[2]

It is argued by the Board that it had authority to change the place of commitment by virtue of the recitation in the order of commitment:

"* * * or such other appropriate institution as the said Board shall thereafter determine * * *"

We do not agree. *"Delegata potestas non potest delegari"*—a delegated power cannot be delegated. The power to commit delinquent children has been delegated to the juvenile judge. *Gault,* supra; A.R.S. § 8–231, as amended. This power cannot be delegated but must be exercised by the judge himself. Faudree v. Iron City Sand & Gravel Company, 201 F.Supp. 447 (W.D.Pa.1962), aff'd 315 F.2d 647 (3d Cir., 1963); Brown v. Hoblitzell, Ky., 307 S.W.2d 739, 746 (1956) dissenting opinion; Smith v. State, Okl.Cr.App., 405 P.2d 1020 (1965); Lewis v. Texas Department of Public Safety, 407 S.W.2d 855 (Tex.Civ. App.1966); 30A Am.Jur. Judges § 29, at 18; 16 C.J.S. Constitutional Law § 166, at 843; 48 C.J.S. Judges § 45, at 1008.

Since the respondents had no authority to commit the juvenile to his present place of commitment, it is ordered that he be returned to the Arizona Youth Center by the Superintendent of the State Industrial School, or, in the alternative, that he be returned to the juvenile court for such further proceedings as it deems proper and necessary.

HATHAWAY, C. J., and KRUCKER, J., concur.

2. The authority of the State Department of Corrections has not been enlarged by the enactment of A.R.S. §§ 41–1601 to 41–1609. In A.R.S. § 41–1601, subsec. 3, a "Juvenile offender" is defined as "* * * a person who has been committed according to law to an institution for the education and treatment of juvenile offenders." The Director of the State Department has the duty and power to "[m]aintain and administer all institutions within the department, including prisons, reformatories, the Arizona state industrial school at Fort Grant, reception and diagnostic centers, halfway houses, and such other facilities as may be required for the custody, control, correction, treatment and rehabilitation of all offenders committed thereto." A.R.S. § 41–1604, subsec. A, par. 2.