885 P.2d 1127

## In the Matter of the APPEAL IN NAVAJO COUNTY, JUVENILE ACTION NO. 92-J-040.

### No. 1 CA-JV 94-0003.

Court of Appeals of Arizona, Division 1, Department D.

Dec. 6, 1994.

Melvin R. Bowers, Jr., Navajo County Atty. by Stephen D. Alfrey, Deputy County Atty., Holbrook, for appellee.

Ronald D. Wood, Show Low, for appellant.

## OPINION

GARBARINO, Judge.

Counsel for the juvenile has filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In the Matter of the Appeal in Maricopa County Juvenile No. JV-117258,* 163 Ariz. 484, 788 P.2d 1235 (App.1989) requesting this Court to search the record for fundamental error.

The State filed a delinquency petition alleging that the juvenile committed one count of burglary, one count of criminal damage and one count of theft. The State filed a second delinquency petition alleging that the juvenile committed one count of reckless driving, one count of criminal damage and one count of false reporting. The juvenile entered admissions to one count of burglary,

one count of criminal damage and one count of reckless driving and the remaining charges were dismissed. The court adjudicated the juvenile delinquent.

The court placed the juvenile on probation and ordered him to pay $3,845.65 in restitution. The restitution was to be paid in monthly installments of $60.00 and continue until the juvenile reached age sixteen, at which time the restitution payments were to increase to $120.00 per month. This Court affirmed the order of restitution in *In the Matter of the Appeal in Navajo County Juvenile Action No. 92-J-040*, 1 CA-CV 93-0008, Memorandum Decision (Sept. 21, 1993).

The juvenile's probation officer then filed a motion to revoke and terminate the juvenile's probation based upon the juvenile's alleged failure to make any of the restitution payments. The minute entry from a subsequent hearing indicates that the juvenile agreed to admit to the alleged probation violation. The court found that the juvenile knowingly, intelligently and voluntarily admitted violating his probation and that there was a factual basis for his admission. The minute entry also reflects that the court advised the juvenile of his right to a hearing and of the options available to the court at the hearing.

At the disposition hearing, the court found that the juvenile violated his probation and reinstated him on intensive probation supervision for twenty-four months. The court ordered the juvenile to report to juvenile detention and remain there for one week. The juvenile court further ordered:

> You are to spend an additional 30–days, to be served at the discretion of Mr. Bork, your probation officer.
>
> Do you understand that? If you comply with all the terms and conditions of your probation, then he will not order you to serve that additional time. If you are not doing it, and you do not have the appropriate attitude and the right manner, those 30 days can be ordered at any time.

After counsel for the juvenile filed an *Anders* brief, this Court ordered the parties to file supplemental briefs addressing (1) whether the court may order the juvenile to serve detention as a condition of intensive probation and (2) whether the court impermissibly delegated its authority by ordering the juvenile to serve detention at the discretion of his probation officer.

 The power of the juvenile court to make a disposition of a delinquent child is limited in that the power must be expressly granted by legislative act. *E.g., In the Matter of the Appeal in Maricopa County, Juvenile Action No. J-74275*, 117 Ariz. 317, 318, 572 P.2d 451, 452 (App.1977). Although Ariz. Rev.Stat.Ann. (A.R.S.) section 8-271 provides that "juvenile intensive probation" means a program which emphasizes, among other things, "home detention," A.R.S. sections 8-271 to -278 do not expressly authorize the juvenile court to order detention as a condition of intensive probation. Nevertheless, we find that the juvenile court may order detention as a condition of intensive probation.

In reaching this decision, we rely on *In the Matter of the Appeal in Pima County Juvenile Action No. J-20705-3*, 133 Ariz. 296, 650 P.2d 1278 (App.1982). In that case, this Court found that the juvenile court did not abuse its discretion by ordering weekend detention as a condition of probation even though A.R.S. section 8-241 did not specifically authorize the juvenile court to impose conditions of probation. *Id.* at 297-98, 650 P.2d at 1279-80. We stated that a condition of probation which does not violate basic fundamental rights and bears a relationship to the purpose of probation will not be disturbed on appeal. *Id.* at 298, 650 P.2d at 1280. We concluded that ordering six weekends of detention as a condition of probation bears a reasonable relationship to the possible rehabilitation of the juvenile. *Id.* We believe the same rationale applies to the instant case. We find further support for our decision in A.R.S. section 8-272(E)(5), which allows the court to impose "any other conditions ... to meet the needs of the juvenile or to limit the risks to the community." Accordingly, the juvenile court did not abuse its discretion by ordering detention as a condition of intensive probation.

 The court erred by ordering the juvenile to serve an additional thirty days in detention and then granting the juvenile's probation officer the discretion to either im-

pose or suspend the thirty days based upon the juvenile's compliance with the terms and conditions of his probation. A.R.S. section 8–272(E) empowers the juvenile court to impose conditions of intensive probation. The juvenile court also possesses the power to modify the conditions of intensive probation. *See* A.R.S. § 8–274(A). The juvenile court's powers cannot be delegated but must be exercised by the juvenile judge. *See In re Santa Cruz,* 8 Ariz.App. 349, 351, 446 P.2d 253, 255 (1968) (the power to commit delinquent children has been delegated to the juvenile judge and must be exercised by the judge himself). Here, the court's order enables the juvenile's probation officer to order the juvenile to serve an additional thirty days in detention as a condition of his intensive probation. In effect, the court's order allows the juvenile's probation officer to either impose a condition of probation or to modify the juvenile's probation without court approval. In either case, the juvenile's probation officer has no authority to do so. If the juvenile fails to comply with the terms and conditions of his probation, the probation officer can petition the court to modify or revoke the juvenile's probation. *See* A.R.S. § 8–274. Therefore, the court impermissibly delegated its authority to the probation officer by ordering the juvenile to serve thirty days detention at the probation officer's discretion.

Counsel for the juvenile raises two additional issues for our consideration: (1) whether there was a factual basis for the plea and (2) whether the court abused its discretion by reinstating the juvenile on intensive probation. We cannot review whether there was a factual basis for the juvenile's plea because the hearing at which the juvenile admitted violating his probation was not reported. *In the Matter of the Appeal, in Maricopa County Juvenile No. J–86509,* 124 Ariz. 377, 604 P.2d 641 (1979), *cert. denied,* 445 U.S. 967, 100 S.Ct. 1660, 64 L.Ed.2d 245 (1980). We must assume that any testimony or evidence not included in the record on appeal supported the juvenile court's action. *Id.*

 Finally, the court did not abuse its discretion by placing the juvenile on intensive probation. A.R.S. section 8–272(C) pro-vides that the court may grant the juvenile a period of intensive probation "[a]fter reviewing the juvenile's prior record, the facts and circumstances of the current delinquent act or technical violation and the disposition summary report." The record from the disposition hearing reveals that the juvenile court questioned the probation officer who prepared the disposition summary report and that the probation officer recommended intensive probation supervision as a possible disposition. The record further shows that the court heard testimony from the juvenile, his mother and his attorney concerning his failure to make restitution payments. On this record, we do not find an abuse of discretion.

Pursuant to Rule 27 of the Arizona Rules of Procedure for the Juvenile Court and *Maricopa County Juvenile No. JV–117258,* we have read and considered counsel's opening brief and have reviewed the remainder of the record for fundamental error. We find none.

Upon the filing of this decision, counsel shall inform the juvenile of the status of his appeal and of his future options. Counsel has no further obligations unless, upon review, he finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck,* 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). The juvenile shall have fifteen days from the date of this decision to proceed, if he desires, with a *pro per* petition for review. *See* Ariz.R.P.Juv.Ct. 28.

We conclude that the court erred by ordering the juvenile to serve thirty days in detention at the discretion of his probation officer. We vacate that portion of the juvenile court's disposition. The juvenile court's disposition is affirmed in all other respects.

NOYES and KLEINSCHMIDT, JJ., concur.