944 P.2d 1246

**In re MARIE G.**

**No. 1 CA–JV 96–0153.**

Court of Appeals of Arizona,
Division 1, Department B.

Aug. 26, 1997.

Richard M. Romley, Maricopa County Attorney by Linda Alauria, Deputy County Attorney, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for Appellant.

**OPINION**

NOYES, Judge.

 The juvenile ("Appellant") appeals from a term of probation imposing ten weekends of detention and promising a no-hearing waiver of detention each week that she tested negative for drugs. Appellant argues that this term violates her constitutional rights. Finding no abuse of discretion, we affirm with the caveat that this no-hearing process is proper only if it results in a waiver of detention; it cannot result in the juvenile going into detention.

**I.**

Appellant was adjudicated delinquent based on her admission to one count of false reporting. To those concerned with her welfare, Appellant presented many problems without any clear solutions: She was fifteen years old, estranged from her mother, a repeated runaway from her father, and she was pregnant. She was living with a boyfriend who was a reputed gang member, drug user, and drug dealer, and she was believed to be using alcohol and marijuana herself. She was currently suspended from tenth grade for absence and insolence. The probation officer reported that "[Appellant] has exhibited an out of control attitude up to this point." The officer opined that, "I do believe the juvenile presents a continued threat to herself. At this time, the juvenile has absolutely no comprehension of the seriousness of her past decisions...." Appellant's father told the court that he was reluctantly inclined to allow her to live with the boyfriend because she would not accept parental discipline and "it's better for them to face the reality of raising a child together and for them to get out of this delinquent mode that they're in and start facing adulthood together."

At disposition, the court made Appellant a ward of the court and placed her on probation under the protective custody of a probation officer and in the physical custody of her father. The court stated that whether Appellant lived with her father or her boyfriend was for the father to decide. The court ordered Appellant to attend school with no

unexcused absences; to complete parenting classes prior to delivery; to complete thirty-two hours of unpaid community service; to participate in the TASC drug abuse program; and to provide urinalyses as directed by her probation officer. In Term 16 of probation, the court imposed detention, and promised to waive detention on certain conditions, as follows:

IT IS ORDERED that:

The juvenile be detained from 5:30 p.m. Friday until 5:30 p.m. Sunday each weekend for 10 weeks beginning October 04, 1996, as a consequence for her delinquent behavior. The Court will, without a hearing, waive the detention under this term of the juvenile's probation for each weekend after the assigned probation officer provides it with evidence that the previous week's urinalysis was negative for all drugs. The maximum number of days the juvenile may be detained under this term of his/her probation shall be 20 days.

On appeal, Appellant challenges only the validity of Term 16. This Court has jurisdiction pursuant to Rules 24–29 of the Rules of Procedure for the Juvenile Court. Time has mooted the issue as to Appellant but we decide it because it seems likely to arise in other cases until it is decided. *JV–130549 v. Superior Court*, 178 Ariz. 211, 212, 871 P.2d 758, 759 (App.1994) (citation omitted).

## II.

Although Term 16 promised a no-hearing *waiver* of detention, Appellant's lawyer argues that it "violated Appellant's due process right to notice and a hearing, her constitutional right to counsel, her fourth amendment right to privacy, and constituted an improper delegation of the court's judicial function to a probation officer." We find Term 16 to present an interesting issue. On the one hand, we appreciate the court's creative effort to inspire a drug-using delinquent to quickly develop into a drug-free mother. On the other hand, we appreciate counsels' arguments that something is wrong when detention turns on "evidence" received by the court without a hearing.

The court may not modify probation "unless there has first been a petition filed alleging the reasons for the desired modification, [and] the juvenile has been given adequate notice and an opportunity to contest the modification and present evidence...." *In re Pinal County, Juvenile Action No. J–169*, 131 Ariz. 187, 189, 639 P.2d 377, 379 (App.1981) (relying in part on *Application of Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967)).

Appellant argues that, because Term 16 includes the phrase "without a hearing," it violates the holding in *Juvenile Action No. J–169*. In that case, after the juvenile was placed on probation and released to his mother, the court held another hearing—without notice to the juvenile—and placed the juvenile with an agency. *Id.* at 188, 639 P.2d at 378. Because the juvenile did not receive notice and an opportunity to be heard in opposition to this change of placement, this Court vacated the order. *Id.* at 189, 639 P.2d at 379. Appellant is in a different situation. If her detention is waived without a hearing, she has nothing to complain about.

Appellant argues that Term 16 constitutes detention without a prior determination of probable cause, thereby violating her rights under the Fourth Amendment of the United States Constitution. None of the cases cited by Appellant, however, involves an adjudicated delinquent who has received a dispositional order of detention. *See Gerstein v. Pugh*, 420 U.S. 103, 105–06, 95 S.Ct. 854, 858–59, 43 L.Ed.2d 54 (1975) (defendant held without a probable cause hearing); *Bell v. Superior Court*, 117 Ariz. 551, 552, 574 P.2d 39, 40 (1977) (juvenile detained pending adjudication); *Moss v. Weaver*, 525 F.2d 1258, 1259 (5th Cir.1976) (juvenile detained prior to trial).

Appellant argues that the juvenile court "improperly delegated his judicial power and responsibilities to a probation officer by allowing [the] officer to informally accumulate information and adjudicate Appellant." The State agrees, citing *In re Navajo County, Juvenile Action No. 92–J–040*, 180 Ariz. 562, 885 P.2d 1127 (App.1994) as the dispositive case. We find that Term 16—no doubt by design—avoids the problem with the order in

that case, where the court imposed one week of detention and then ordered that:

> You are to spend an additional 30 days, to be served at the discretion of Mr. Bork, your probation officer.
>
> Do you understand that? If you comply with all the terms and conditions of your probation, then he will not order you to serve that additional time.

180 Ariz. at 563, 885 P.2d at 1128.

On appeal, we determined that the court's power to impose or modify terms of probation cannot be delegated. *Id.* at 563–64, 885 P.2d at 1128–29 (citing A.R.S. §§ 8–272(E), 8–274(A) and *In re Santa Cruz,* 8 Ariz.App. 349, 351, 446 P.2d 253, 255 (1968)). We held that, because the order allowed a probation officer to impose or modify detention without court approval, it was an impermissible delegation of authority. *Id.* at 564, 885 P.2d at 1129.

Term 16, however, does not order a period of detention at the discretion of a probation officer and it does not allow the officer to impose or modify detention without court approval. *See id.* at 564, 885 P.2d at 1129. In Term 16, the court has already ordered the detention and it has promised to waive the detention if the previous week's urinalysis was negative. The court was clear that it was the decision-maker here:

> MR. KATZ [Appellant's attorney]: But it'd be up to the probation officer to determine and make the decision?
>
> THE COURT: Well, the probation officer just tells me what the facts are. I make the decision.

The court advised that Term 16 was "20 days of deferred detention, period," and that, "She's getting 20 days of detention for her delinquent acts. She will be released from that detention as long as she remains clean. She's not being punished for having a dirty UA."

### III.

 This Court will not disturb a disposition of a juvenile delinquent absent a clear abuse of discretion. *In re Maricopa County Juvenile Action No. JV–110720,* 156 Ariz.

430, 431, 752 P.2d 519, 520 (App.1988) (citation omitted).

We hold that the court did not abuse its discretion in ordering ten weekends of detention and in promising a no-hearing waiver of detention if that week's urinalysis testing was negative. We caution, however, that Term 16's no-hearing procedure is adequate only if it results in waiver of detention; a more formal process is necessary before waiver of detention can be denied.

Because Term 16 conditions waiver of detention on evidence of a negative urinalysis, it conditions service of detention on evidence of a positive urinalysis or no urinalysis. Before the juvenile can be ordered into detention for a positive urinalysis or no urinalysis, however, she must be given notice of the "charge," and a pre-detention opportunity to contest it and present evidence. *Juvenile Action No. J–169,* 131 Ariz. at 189, 639 P.2d at 379. Whether that pre-detention notice-and-hearing process is initiated by a petition to revoke probation or by an order to show cause is a matter to be decided by the juvenile court.

The adjudication and disposition are affirmed.

GERBER and EHRLICH, JJ., concur.