FILED BY CLERK

AUG -9 2007

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| ANDREW G., a minor under 18 years of age, | ) ) ) | 2 CA-SA 2007-0054 DEPARTMENT A |
| Petitioner, | ) ) | O P I N I O N |
| v. | ) ) | |
| HON. ELIZABETH PEASLEY- FIMBRES, Judge Pro Tempore of the Superior Court of the State of Arizona, in and for the County of Pima, | ) ) ) ) ) | |
| Respondent, | ) ) | |
| and | ) ) | |
| THE STATE OF ARIZONA ex rel. BARBARA LaWALL, Pima County Attorney, | ) ) ) ) | |
| Real Party in Interest. | ) ) | |

SPECIAL ACTION PROCEEDING

Pima County Cause No. 15494602

JURISDICTION ACCEPTED; RELIEF GRANTED

Robert J. Hooker, Pima County Public Defender
 By Rachel Wilson                                                                Tucson
                                                              Attorneys for Petitioner

Barbara LaWall, Pima County Attorney
  By Kara Crosby                                                    Tucson
                                    Attorneys for Real Party in Interest

P E L A N D E R, Chief Judge.

¶1        On September 5, 2006, the juvenile court placed petitioner Andrew G., an adjudicated delinquent minor, on probation for six months.  On March 2, 2007, three days before Andrew's term of probation was to expire, the state filed a delinquency petition alleging Andrew had committed an assault in January.  The state did not file a petition to revoke Andrew's probation.  However, Andrew asserts in his petition for special action that "his probation officer instructed him that he was still on probation and was to abide by [its] conditions."  In May, at a hearing on Andrew's "Motion to Determine Probation," the juvenile court ruled "the minor continues to be on probation under original charges for which he was placed [o]n probation on 09-05-0[6]."  In this special action, Andrew seeks relief from that order, asserting the juvenile court acted in excess of its legal authority by extending his probation based solely on the filing of a new delinquency petition.  We accept jurisdiction and grant relief.

## Jurisdiction

¶2        The issue presented here is whether the filing of a subsequent delinquency petition extends a delinquent juvenile's probationary period beyond the date it would otherwise expire.  As both Andrew and the state acknowledge, that issue is likely moot as

2

to Andrew because he had been adjudicated delinquent on the March petition and a disposition hearing was imminent when this special action was filed. But, we agree with Andrew that the issue presented is one of substantial and statewide importance that is likely to recur but evade review. *See Otel H. v. Barton*, 208 Ariz. 312, ¶ 4, 93 P.3d 513, 513 (App. 2003).

**¶3** An order modifying the terms of juvenile probation is an appealable order. *See* A.R.S. § 8-235(A) (any aggrieved party may appeal final order of juvenile court); *In re Stephanie N.*, 210 Ariz. 317, ¶ 1, 110 P.3d 1280, 1280 (App. 2005). In these circumstances, however, an appeal does not afford Andrew or any similarly situated juvenile an equally plain, speedy, or adequate means of review because the issue will most likely be rendered moot before an appeal is completed. This is so because in the case of an undetained juvenile, within ninety days of the filing of a subsequent delinquency petition that purports to extend a juvenile's period of probation, either the petition will be dismissed, or the juvenile will be adjudicated delinquent and be subject to orders of the juvenile court under the supervision of a probation officer pending a disposition hearing. *See* Ariz. R. P. Juv. Ct. 28(B)(2), 29(B)(2), 29(F), 17B A.R.S.

**¶4** In this case, it was only Andrew's motion to determine probation that generated any order at all, despite the fact that the newly filed delinquency petition had apparently been used to effectively extend the period of his probation for two months. Had Andrew not filed a motion, it is conceivable that no order, and therefore no appealable

3

order, modifying the period of his probation beyond the six months initially imposed would have been entered. But he would have remained on an extended period of probation for at least two months before the court had adjudicated him delinquent on the March delinquency petition.

¶5            Finally, special action jurisdiction is appropriate when, as here, the question presented involves a "pure issue of law, requiring neither factual review nor interpretation." *See Orme Sch. v. Reeves*, 166 Ariz. 301, 303, 802 P.2d 1000, 1002 (1990). For these reasons, we accept jurisdiction.

## Discussion

¶6            Andrew argues the respondent judge's order violated Arizona's statutory scheme and constitutional principles. In contrast, the state contends "the filing of [a] delinquency petition allows the court to extend the original term of [a juvenile]'s probation" as if a petition to revoke probation had been filed, claiming, specifically, that "there should be no distinction" between the two. However, the authorities the state relies on do not support these assertions.

¶7            The juvenile court retains jurisdiction over a delinquent juvenile "until the child becomes eighteen years of age, unless terminated by order of the court before the child's eighteenth birthday." A.R.S. § 8-202(G); *see also* Ariz. Const. art. VI, § 15 (state courts' jurisdiction over matters affecting juveniles is as provided by legislature or people by initiative or referendum). Accordingly, Andrew correctly concedes that the juvenile court

4

had jurisdiction over him to adjudicate the delinquency petition that had been filed in March, but he asserts the procedural mechanism by which the state purported to have invoked the court's authority to modify the terms of his probation was inadequate. *See Stephanie N.*, 210 Ariz. 317, ¶ 11, 110 P.3d at 1282 ("[T]he authority of a [juvenile] court regarding probation is statutorily created and must be exercised within the terms of the applicable statutes.").

**¶8**     First, § 8-202(G) limits the extent of a court's jurisdiction of a juvenile to "implement[] the orders made and filed in [a] proceeding" to the earlier of either the juvenile's eighteenth birthday or the termination of jurisdiction "by order of the court." An order placing a juvenile on probation for six months effectively is an order that terminates the court's jurisdiction six months later, absent a valid modification of the order or the revocation of probation pursuant to applicable procedural rules. *See* Ariz. R. P. Juv. Ct. 31, 32, 17B A.R.S. As a result, the juvenile court's jurisdiction over Andrew would have terminated six months after he had been placed on probation, absent the occurrence of an event invoking the court's authority to modify the terms of probation.

**¶9**     The filing of a petition to revoke probation before Andrew's probation had expired would have been such an event, even if the court had been unable to hear the matter before the six-month period had passed. *See Stephanie N.*, 210 Ariz. 317, ¶ 20, 110 P.3d at 1283. And, if Andrew had been adjudicated delinquent before his probationary term ended for the subsequent offense with which he was charged in the March delinquency

petition, the juvenile court could have granted a petition to revoke probation without a hearing. *See* Ariz. R. P. Juv. Ct. 32(E)(6). However, neither of these events occurred. The state did not file a petition to revoke probation, and Andrew was not adjudicated delinquent until two months after his probationary period was to have expired.

¶10      The state suggests that A.R.S. § 8-341(B) nevertheless authorized the extension of Andrew's probation beyond the six months imposed even without the filing of a petition to revoke or a hearing. That statute provides, in relevant part, that a juvenile's "period of probation may continue until the juvenile's eighteenth birthday, except that the term of probation shall not exceed one year if all of [several enumerated criteria] apply." The first of those criteria is that "[t]he juvenile is not charged with a subsequent offense." As the state points out, Andrew was charged with a subsequent offense. But § 8-341(B)'s criteria are not, as the state suggests, a list of triggering events that automatically extend a juvenile's period of probation. Instead, the statute limits the juvenile court's authority to place a minor on probation for more than one year absent circumstances that justify doing so. Accordingly, § 8-341(B) did not authorize the juvenile court to enter the order challenged here because the probationary period the court sought to modify by extending its duration had already expired and the issue of modification had not been timely placed before it through any procedural mechanism.

¶11      We are not dissuaded from this conclusion by the state's reliance on Rule 32(E)(6), Ariz. R. P. Juv. Ct. That rule provides:

> If the court which placed the juvenile on probation determines that the juvenile has been adjudicated delinquent or incorrigible for an act or acts committed subsequent to being placed on probation, the juvenile shall be found to be in violation of the terms of probation granted by the court. No violation hearing is required and the court may proceed directly to disposition or set a disposition hearing pursuant to Rule 30.

Nothing in this rule expressly excuses the filing of a petition to revoke probation if the state intends to seek its revocation. Nor does the rule suggest that conditions of probation may be modified absent a court order. Instead, the rule directs the juvenile court to regard properly adjudicated, subsequent delinquent acts as probation violations and dispenses only with the requirement of a separate hearing to determine whether the minor has, in fact, violated the terms of probation. We are not faced with whether the court may enter such a finding absent the filing of a petition to revoke probation when a subsequent adjudication for delinquency occurs during a juvenile's probationary period, and we therefore do not decide that issue. Instead, we are asked whether the mere filing of a delinquency petition automatically modifies an existing period of probation by tolling its expiration beyond the date that it would otherwise expire. Rule 32(E)(6) does not answer that question.

¶12 Moreover, the state has not disputed Andrew's avowal that his only notice that his probationary period had been lengthened came in the form of his juvenile probation officer's simply telling him so. Assuming the accuracy of this undisputed factual assertion, we note that the juvenile probation officer thus exceeded the limited authority to impose, clarify, or modify only "regulations which are consistent with and necessary to the

7

implementation of the conditions [of probation] imposed by the court." Ariz. R. P. Juv. Ct. 31(A) and (C). In essence, the probation officer assumed judicial authority to determine the length of a probationary period or to determine and modify the conditions of probation. *See* § 8-341(A)(1)(a) and (b) (authorizing juvenile court to award delinquent minor to care of juvenile's parents subject to supervision of probation department or to probation department subject to conditions imposed by court); § 8-341(B) (placing limitations on length of probationary period under enumerated circumstances); Ariz. R. P. Juv. Ct. 31(C) (requiring juvenile, probation officer, and state to "ask the court to modify . . . any condition or regulation"); *In re Marie G.*, 189 Ariz. 632, 633-34, 944 P.2d 1246, 1247-48 (App. 1997), *discussing In re Navajo County Juvenile Action No. 92-J-040*, 180 Ariz. 562, 885 P.2d 1127 (App. 1994) (juvenile court may not delegate authority to modify conditions of probation).

¶13 We disagree with the state that concluding a juvenile "is not subject to his probation conditions during the time that [a] new delinquency petition is being dealt with," but after the existing probationary period has expired, is "absurd." In a portion of *Stephanie N.* relied upon by the state, this court cited A.R.S. §§ 8-202(G) and 8-246(A) in support of its holding that "because the petition [*to revoke probation*] was filed before the completion of her probation, the juvenile court retained jurisdiction to enforce its prior order imposing on Stephanie specific conditions of probation." 210 Ariz. 317, ¶ 18, 110 P.3d at 1283. The cited jurisdictional statutes supported the conclusion reached in that case because the

8

petition filed prior to the expiration of Stephanie's probationary period pertained to her probation, thus placing the issue of her probation before the court for its determination and invoking its authority to enter or modify orders of probation. In other words, the filing of the petition to revoke before the probation period's expiration caused the court to retain jurisdiction "for the purposes of implementing the orders made and filed in that [probation] proceeding." § 8-202(G). And the filing of a petition to revoke probation while the juvenile was still on probation prevented the court's jurisdiction over her from being "discharged pursuant to law" before her eighteenth birthday. § 8-246(A).

¶14 Here, in contrast, the state filed no petition to revoke probation. And, although the filing of a new delinquency petition caused Andrew to remain under the court's continuing jurisdiction over him, that petition cannot be construed as an event tolling the expiration of the probation period. Rather, it pertained only to a newly alleged act of delinquency before the court.[1]

¶15 Andrew also challenges the extension of his probationary period on constitutional grounds, alleging a violation of a due process right to be free of pretrial restraints on his liberty. We need not address this argument, as we have found on the face of the applicable statutes and rules that the juvenile court proceeded in excess of its legal authority in determining on May 4, in the absence of a petition to revoke probation or other

---

[1]Pending an adjudication hearing, the juvenile court could issue any conditions of release necessary for the protection of the juvenile or the public under Rule 28(C)(8), Ariz. R. P. Juv. Ct., 17B A.R.S.

formal request for modification of its terms filed before Andrew's probation had terminated, that his probation had been extended beyond its March 5 expiration date. *See* Ariz. R. P. Spec. Actions 3(b), 17B A.R.S.; *see also State v. Yslas*, 139 Ariz. 60, 63, 676 P.2d 1118, 1121 (1984) (constitutional issues not addressed unless necessary to determine merits). Accordingly, we vacate that portion of the juvenile court's May 4 order stating Andrew continued to be on probation.

_____
JOHN PELANDER, Chief Judge

CONCURRING:


_____
JOSEPH W. HOWARD, Presiding Judge


_____
GARYE L. VÁSQUEZ, Judge

10