395 P.3d 314

## IN RE J.A.

### No. 2 CA-JV 2016-0219

Court of Appeals of Arizona,
Division 2.

Filed April 25, 2017

Barbara LaWall, Pima County Attorney, By Vincent George, Deputy County Attorney, Tucson, Counsel for Appellee

Kevin M. Burke, Interim Pima County Public Defender, By Susan C.L. Kelly, Assistant Public Defender, Tucson, Counsel for Minor

Presiding Judge Howard authored the opinion of the Court, in which Chief Judge Eckerstrom and Judge Vásquez concurred.

## OPINION

HOWARD, Presiding Judge:

¶1 Following combined probation revocation and delinquency proceedings on multiple petitions, the juvenile court continued J.A. on Juvenile Intensive Probation Supervision (JIPS), and ordered him to complete a program at Canyon State Academy (CSA) as a condition of probation. On appeal, J.A. argues the court erred by giving the probation department the discretion to decide whether to require him to wear a global positioning system (GPS) monitor upon his release from the program, over his objection. We affirm the court's order in all other respects but vacate that portion of the disposition report relating to the GPS monitor.

## Factual and Procedural Background

¶2 At the November 2016 disposition hearing, the juvenile court, the probation officer, and counsel for the parties discussed the recommended disposition of JIPS and J.A.'s participation in the program at CSA. J.A.'s counsel acknowledged the CSA program was a good choice for him, but asked the court not to order him to wear a monitor upon his release; she explained that she hoped J.A. would be successful at the program and would be able to reintegrate into the community without electronic monitoring. Counsel suggested "he should be given the incentive to get through this program and come out without that kind of restriction on him," adding that if things did not "go well ... you can readdress it at that time."

¶3 At the end of the disposition hearing, the juvenile court continued J.A. on JIPS for twelve months, and ordered him to participate in the CSA program as a condition of probation. The court added that the probation department would have "discretion whether to put the GPS on or not at any time during probation." Relying on *In re Navajo County Juvenile Action No. 92–J–040*, 180 Ariz. 562, 885 P.2d 1127 (App. 1994), counsel objected, arguing the court could not delegate that kind of authority and could only impose that condition in the exercise of its discretion after a hearing. After further discussion, the court invited counsel to file a motion on the issue and set the matter for a review hearing on January 31, 2017. Nevertheless, in its disposition order, the court gave the discretion to the probation officer to determine whether to require J.A. to wear a monitor.

¶4 On appeal, J.A. raises the same objection he raised below. The state responded in its answering brief, that it "takes no issue with Appellant's analysis of Arizona case law." But, the state argued the juvenile court never ruled on whether J.A. was to wear the GPS monitor, setting the matter for a later

hearing and adding "there are no minute entries or transcripts to illuminate what transpired." Consequently, this court suspended the appeal on its own motion and ordered the juvenile court to transmit the record that exists after the November 2016 disposition to determine whether the issue raised in this appeal has been rendered moot by a subsequent ruling. There is no reference to the GPS monitor in the minute entry from the January 31, 2017 review hearing. We are therefore left with the minute entry from the November disposition, which plainly states that the probation officer has the discretion to require J.A. to wear a GPS monitor. Thus, contrary to the state's contention, the court has ruled on this issue and has, as J.A. asserts, delegated the discretion to his probation officer.

## Discussion

¶ 5 The juvenile court has the statutory authority to determine the disposition in delinquency and probation revocation proceedings as provided in A.R.S. § 8–341. Only the juvenile court has the authority to impose or modify terms of probation. Ariz. R.P. Juv. Ct. 31(A), (C). Absent an abuse of discretion, we will not disturb the court's ruling. *In re Nickolas*, 223 Ariz. 403, ¶ 4, 224 P.3d 219, 220 (App. 2010). The court abuses its discretion when it commits an error of law. *Id.*

¶ 6 In *Navajo County No. 92–J–040*, the juvenile court had ordered the juvenile to spend one week in detention as a condition of probation but gave his probation officer the discretion to require him to serve an additional thirty days. 180 Ariz. at 563, 885 P.2d at 1128. Vacating that portion of the disposition order, this court found the court could not delegate its authority to determine the appropriate disposition and to determine the conditions of probation initially or upon modification. *Id.* at 563–64, 885 P.2d at 1128–29. A probation officer has only the limited authority to "impose regulations which are consistent with and necessary to the implementation of the conditions imposed by the court." Ariz. R. P. Juv. Ct. 31(A), (C); *see also Andrew G. v. Peasley–Fimbres*, 216 Ariz. 204, ¶ 12, 165 P.3d 182, 185 (App. 2007) (finding extension of probationary period not within probation officer's limited authority).

¶ 7 Whether a juvenile requires the additional restraint and structure of an electronic monitor is the kind of probationary condition that requires the "reflective discretion" of a judge exercising his or her "independent judgment" in determining the appropriate disposition. *See In re Harry B.*, 193 Ariz. 156, ¶¶ 16–17, 971 P.2d 203, 206–07 (App. 1998) (although juvenile court may consider input of probation officer, it must exercise its discretion in determining conditions of probation and should not defer to probation officer).[1] That it is for the court to decide is implicit in § 8–341, which provides in subsection (D) that the court may include electronic monitoring as a condition of mandatory probation for a repetitive felony offender. *See In re Russell M.*, 200 Ariz. 23, ¶ 5, 21 P.3d 409, 411 (App. 2001). Similarly, A.R.S. § 8–352, which relates to JIPS, provides that the court may place a juvenile on JIPS if he or she meets the various conditions listed in the statute as well as any other "conditions imposed by the court, including electronic monitoring." § 8–352(E)(5); *see* Ariz. Code of Jud. Admin. § 6–302.01 (setting forth provisions relating to JIPS and referring to disposition alternatives under § 8–352, including electronic monitoring under subsection § 8–352(E)(5)).

## Disposition

¶ 8 We conclude the juvenile court erred in giving the probation department discretion to determine whether J.A. should be compelled to wear a GPS monitor upon release from CSA. We therefore vacate that

---

1. This court's decision in *In re Marie G.*, 189 Ariz. 632, 944 P.2d 1246 (App. 1997), is instructive here. Although we held in that case that the juvenile court had not "abuse[d] its discretion in ordering ten weekends of detention and in promising a no-hearing waiver of detention if that week's urinalysis testing was negative," we cautioned that this procedure would only be adequate if the detention were waived, adding that "a more formal process is necessary before waiver of detention can be denied." *Id.* at 634, 944 P.2d at 1248. That process would include notice to the juvenile and an "opportunity to contest it and present evidence." *Id.*

portion of the court's November 3, 2016 order and affirm in all other respects.