NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE HUMBERTO S.

No. 1 CA-JV 18-0289
FILED 1-10-2019

Appeal from the Superior Court in Maricopa County
No. JV601977
The Honorable Veronica W. Brame, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

The Law Offices of Kevin Breger, PLLC, Scottsdale
By Kevin Breger
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Appellee*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Randall M. Howe joined.

**J O H N S E N**, Judge:

¶1 Humberto S. appeals the superior court's order continuing him on intensive probation under Arizona Revised Statutes ("A.R.S.") section 8-341(B) (2018).[1] This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Humberto's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530 (App. 1999); *Maricopa County Juv. Action No. JV-117258*, 163 Ariz. 484, 485-88 (App. 1989). Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm the superior court's order.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In January 2018, the superior court adjudicated Humberto delinquent after he admitted to one count of shoplifting, a Class 1 misdemeanor in violation of A.R.S. § 13-1805 (2018), and two counts of theft, each a Class 6 felony in violation of A.R.S. § 13-1802 (2018).[2] The court placed Humberto on juvenile intensive probation supervision ("JIPS") for a period of 12 months. As a condition of his probation, Humberto was not to have contact with anyone on probation and was to remain home at all times except for approved activities.

¶3 In June 2018, police detained Humberto after they encountered him out in a vehicle with other probationers at night when he did not have permission to be away from his home. Humberto admitted to one count of violating probation, and at the subsequent disposition hearing, the superior court ordered him to continue on JIPS for 12 months from the date of the disposition. Among the terms of his probation, the court imposed 90 days of deferred detention and 20 weeks of deferred Juvenile Electronic Technological Surveillance and ordered that he continue living with his mother, complete 24 hours of community service, participate in

---

[1] Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

[2] On appeal, we view the evidence in the light most favorable to upholding the court's order and resolve all reasonable inferences against the juvenile. *In re Jessi W.*, 214 Ariz. 334, 336, ¶ 11 (App. 2007).

counseling and mental health services and undergo random drug or alcohol testing as directed by his probation officer.

¶4 Humberto timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2018) and 8-235(A) (2018).

## DISCUSSION

¶5 We have read the entire record and have identified no ground to reverse or modify the superior court's disposition order. *See JV-117258*, 163 Ariz. at 488. The proceedings were conducted in compliance with the Arizona Rules of Procedure for the Juvenile Court. Humberto was present and represented by counsel at all stages of the proceedings and the disposition was within the court's discretion under A.R.S. § 8-341.

¶6 Although Humberto appeals only from the imposition of JIPS at disposition, the record supports the court's findings that he agreed to the adjudication of the probation violation knowingly, voluntarily and intelligently. Before accepting Humberto's admission to the violation, the superior court informed him of the nature of the charge, the possible disposition, his constitutional rights and his right to contest adjudication.

¶7 As for the disposition decision, JIPS is "a program . . . of highly structured and closely supervised juvenile probation . . . which emphasizes surveillance, treatment, work, education and home detention." A.R.S. § 8-351 (2018). The superior court may place a juvenile on JIPS "[a]fter reviewing the juvenile's prior record, the facts and circumstances of the current delinquent act or technical violation of probation and the disposition summary report." A.R.S. § 8-352(C) (2018). Consistent with our supreme court's guidelines for when the superior court may impose JIPS, Humberto had been adjudicated for a violation of probation imposed as a result of a delinquent act. Ariz. Code of Jud. Admin. § 6-302(H)(3). Further, the superior court had before it the recommendation of Humberto's probation officer and the record of the "factual basis and circumstances leading to" the disposition. *See id.* § 6-302(H)(7); A.R.S. § 8-352(C); *In re J.G.*, 196 Ariz. 91, 94, ¶ 16 (App. 1999).

¶8 Although A.R.S. § 8-352(D) requires the superior court to specify on the record its reasons for imposing JIPS, we will affirm a disposition order "despite the absence of specific findings, when the record demonstrates that the trial court has considered the statutory factors." *In re J.G.*, 196 Ariz. at 94, ¶ 17. Here, the superior court erred by failing to specify its reasons for imposing JIPS. *See id.* The record, however, shows that the

court did not abuse its discretion by continuing Humberto on JIPS for another 12 months.

**¶9** First, the record before the court detailed Humberto's extensive criminal record, which revealed multiple arrests before he was adjudicated delinquent: He was arrested twice in October 2017, once for shoplifting alcohol and snacks from a gas station and again for theft of a vehicle, and was arrested in November 2017 for theft and unlawful use of a vehicle. Second, the court had before it the probation officer's affidavit detailing the circumstances of Humberto's probation violation in June 2018. On that occasion, police pulled over a vehicle because they suspected someone in the car had fired a weapon in the air and arrested Humberto, along with other probationers who also were in the vehicle. Third, the court considered the disposition report prepared by Humberto's probation officer, who recommended JIPS. Humberto's attorney urged the court not to continue him on JIPS, arguing that he had been "doing really well for months" on JIPS before he was detained. But the fact that Humberto violated his probation even after several months on JIPS, particularly in view of his three prior arrests, weighed in favor of the court's decision to continue him on JIPS. *See Navajo County Juv. Action No. 92-J-040*, 180 Ariz. 562, 564 (App. 1994) (superior court did not abuse its discretion by imposing JIPS after considering all statutory factors).

**CONCLUSION**

**¶10** We have read and considered counsel's brief and searched the entire record for fundamental error. *See JV-117258*, 163 Ariz. at 488. We find none and affirm the disposition order.

**¶11** After the filing of this decision, defense counsel's obligations pertaining to Humberto's representation in this appeal have ended. Defense counsel only need inform Humberto of the outcome of this appeal

and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984); Ariz. R.P. Juv. Ct. 107(A).



AMY M. WOOD • Clerk of the Court
FILED: AA